IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMISDIN ALI, aka, ROBERT SAUNDERS, and MASJID ULLAH, INC,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>PAUL HOWARD, RICK KEARNEY, MIKE DELOY, EARL MESSICK, JOSEPH JOHNSON, and CPL. FISHER,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) Civ. No. 05-102-KAJ ) ) ) ) ) ) ) |

**ORDER**

1. Plaintiff Robert Saunders, SBI #00052590, a <u>pro se</u> litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee or a request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Plaintiff alleges that the defendants have violated his constitutional rights under the First Amendment by opening both his outgoing and incoming mail.

2. Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new civil action or appeal a judgment in a civil action <u>in forma pauperis</u> if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in imminent danger of

serious physical injury. A prisoner who is not proceeding <u>in forma pauperis</u> may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g).

3. Regardless of whether a prisoner proceeds <u>in forma pauperis</u> in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule in 28 U.S.C. § 1915(g).

4. In <u>Keener v. Pennsylvania Bd. Of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997), the court held that dismissals as frivolous prior to the Prisoner Litigation Reform Act's enactment count towards the "three strikes" rule. Plaintiff has filed at least eight civil actions that have been dismissed as frivolous while he was incarcerated. See, <u>Saunders v. Young</u>, 83-714-MMS (<u>dismissed</u> 12/03/85); <u>Saunders v. Redman</u>, 84-295-JLL (<u>dismissed</u> 03/17/86); <u>Saunders v. Raskin</u>, 86-035-LON (<u>dismissed</u> 12/10/90); <u>Saunders v. Sullivan</u>, 86-525-LON (dismissed 03/16/87); <u>Saunders v. O'Neal</u>, 86-586-LON (<u>dismissed</u> 02/12/87); <u>Saunders v. Young</u>, 88-014-JLL (<u>dismissed</u> 11/28/90); <u>Saunders v. Risley</u>, 89-545-JRR (<u>dismissed</u> 07/15/91); and, <u>Saunders v. Neal</u>, 91-697-LON (<u>dismissed</u> 01/25/93). Therefore, plaintiff may not file another civil action <u>in forma pauperis</u> while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint does not meet that standard.

5. Leave to proceed in forma pauperis is **denied**. However, plaintiff is given thirty days from the date this order is sent to pay the $250.00 filing fee. If plaintiff doesn't pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

DATED: 4/12/05

_____
UNITED STATES DISTRICT JUDGE