In The United States District Court

For The District Of Delaware

Shamsidin Ali, aka
Robert Saunders, et al.,

  Plaintiff,

v.                                                    Civ. No. 05-102-KAJ

Paul Howard, et al.,

  Defendants

Affidavit Of Shamsidin Ali

I, Shamsidin Ali, do hereby depose and state as follows:

1. I am 65 years of age.

2. Suffer with following medical problems; pupil problem right eye; degenerative disc disease; severe headaches, severe high blood pressure problem (walk with aid of cane) past fifteen years; heart murmurs; and constant swelling in legs and right foot.

Page 2

3. In 1993, determined as result of MIR ordered by Dr. DeShuttle, plaintiff has pretty dramatic sciatica, limited to the left side, with problems with L-5 S-1 disc on left side. Since aforementioned date, housed on First Floor, bottom bunk and various medications.

4. Plaintiff, at times suffer with vision problem in Right-eye as result of pupil problem. Suffer blurred vision on occasions.

5. As result of constant headaches, Dr. R. Burns, ordered plaintiff be seen by Dr. Maria Ionita, Neurologist who had MIR-Brain conducted at Beebe hospital on May 19, 2004. The aforementioned showed chronic lacunar lesions in the left basal ganglia and left thalamus. Dr. Ionita, set-up medication and series of office visits, during month of June 2005 was scheduled for same. Plaintiff, abruptly transferred from Sussex Correctional Institution on June 10, 2005. Since arriving here submitted four sick-call request, two medical grievances, one emergency grievance too Warden Thomas Carroll) concerning lack of medical treatment.

Sick-call request ignored, plaintiff housed on second floor, top bunk, all which contrary to host of doctors instructions.

6. The later part of May 2005, plaintiff had surgery on left elbow, performed by Dr. David Sopa, Orthopedic. Early part of June 2005, Dr. K. Burn, Sussex Correctional Institution after seeing plaintiff and noted constant warmness in left elbow and limited mobility. Written instructions for plaintiff be seen again by Dr. David Sopa, and he utilize own x-ray equipment, due to equipment used at Sussex Correctional Institution possibly having mechanical problems and not presented true photo of extent of original problem.

Plaintiff submitted sick-call slips and medical grievance, all ignored. Plaintiff, in constant pain with limited use.

7. As result of right hand and right arm paralysis, Dr. Iorta concluded possible silent stroke. Plaintiff, current on eight (8) different blood pressure medications daily. Since being housed in this unit, had similar problem, total right side of body experiencing temporary paralysis.

Page 4

8. Since arriving at this Facility, been in lock-down status, permitted out-of-cell three (3) hours per week. Should their be shake-down of area (C-tier), not provided any make-up of time. Plaintiff, been on diet, over Four (4) years in attempt address blood pressure problems, all meals arrive at cell ice cold.

9. Plaintiff the early part of March 2005, submitted to R. Thomas Wagner - State Auditor documents which would sustain misuse of "Inmate Commissary Account" by Staff. On May 4, 2005, their was grievance, submitted by Forty-Five inmates and self, addressing exposure to asbestos for years. Having sent copy same to series of lawyers, visited by Jennifer-Kate Aaronson, Esquire on June 9, 2005.

10. The plaintiff had historically complained of racial discrimination involving classification/disciplinary actions, black versus white inmates. Lack of any black school teachers and one black counselor and issues concerning treatment of muslim inmates.

11. The earlier part of 2005, Joseph A. Hurley Esquire had spoken to News Journal concerning inmate health issues and deaths. Mr. Hurley, recommended News Journal talk to me, as result having been

HIV/AIDs, Hep C peer education and only certified caregiver in system. On or about June 6, 2005 received correspondence from Esteban Parra, Reporter News Journal. In correspondence, which read by mailroom at Sussex Correctional Institution. If I'd be willing to meet with her another reporter and photographer. I responded in writing expressing willingness.

12. On June 9, 2005 called before Multi-Disciplinary Team, consisting of Ms. Donna Furham, Counselor and Lt. Jim Hollis. Informed based on my Salient Classification Score factor Five (5) points, which qualified minimum low custody. I'd had minimum high security over Four (4) years, completed all available programs except Key. I was told by classification team classified minimum low Delaware Correctional Center (DCC). Inmates serving life sentence, cannot be classified minimum low at DCC, do not being able work outside fence.

Plaintiff, incarcerated over twenty-nine years lacking Class I (major) rule infraction, except one were defendants attempted to frame plaintiff. The aforementioned reduced to Class II (minor), which should been at outset.

13. Prior departure from Sussex objected to same in writing to Stan Taylor, Commissioner, Anthony Rendina, Director - Classification/Special Programs, Thomas Carroll, Warden - DCC and Pat Ditto, Treatment Supervisor - SCI. The objection predicated on their own Salient Classification Score Factors, not taking into overriding factors which addresses "Physical/Mental limitation, that could affect housing placement." Same should been done based on historical medical problems.

14. On June 10, 2005 moved to DCC, upon arrival here placed in maximum security unit, housed on 2nd floor, said taken Jane Morgan, Property Officer stated not permitted in unit. Plaintiff, again submitted medical grievance, filing one under emergency provision with Warden Thomas Carroll, all information ignored.

15. The action by all parties mention, nothing more than Retaliation for exercising First Amendment right addressing issues within department. Plus right to be free from cruel and unusual punishment, which being inflicted upon plaintiff. There has been series of individuals; Howard H. Brown, Esquire (Kenneth Square, PA), William Peltz, Esquire, Joseph H. Hurley, Esquire, Senator Karen Peterson, Wendell Howell, Exec. Dir. - Addiction Coalition of DE, Iman Uman Hassan - El Masjid Al Kauthar and children

Page - 7

reasoning and punishment being inflicted which is baseless and cruel and unusual as result of plaintiffs medical condition. Plaintiff views actions either attempt to make him one of the statistics and medical death of inmates within system.

16. Out of plaintiffs presents, Jane Morgan, Property Officer, went through personals selected what legal document, papers, books, letters Felt should have. Informed sending rest to my daughter, meaning legal documents, letters, research materials germane to this litigation. Inmates not permitted access to law library only by letter must know what wanted specifically.

17. When asked for writing paper, pen and envelope informed would either have to purchase from Commissary or request via indigence status 5th of each month.

18. Plaintiff has received absolutely no medical treatment, only daily medication. Nurses delivering same refused to view ankle foot swelling, take blood pressure, which monitored weekly past four (4) years at DCI.

19. Plaintiff, constantly suffers illnesses related to minor stroke.

20. Defendant and parties named in this affidavit (department of Corrections staff) doing nothing more than retaliating for various issues presented public.

Dated: July 6, 2005

Schumsidin Ali, 052596
aka Robert Saunders
Bldg 21C - DCC
1181 Paddock Road
Smyrna, DE 19977

Shamsidin Ali
AKA
I/M Robert Saunders
SBI# 052590   UNIT 2/C
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S. X-RAY

Legal Mail

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington DE
19801