ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHAMSIDIN ALI,                          )
A/K/A ROBERT SAUNDERS,                  )
AND MASJID ULLAH, INC.                  )
                                        )
            PLAINTIFFS,                 )
                                        )
                                        )
                                        )    CIVIL ACTION NO. 05-102-KAJ
                                        )    TRIAL BY JURY DEMANDED
        V.                              )
                                        )
                                        )
                                        )
DELAWARE DEPARTMENT OF                  )
CORRECTIONS, COMM. STANLEY              )
TAYLOR, WARDEN RICK KEARNEY,            )
WARDEN THOMAS CARROLL,                  )
DEPUTY WARDEN MIKE DELOY,               )
S/LT. EARL MESSICK, S/LT. JOSEPH        )
JOHNSON, CAPTAIN C. SEGARS,             )
ANTHONY RENDINA, PAUL HOWARD,           )
CPL. FISHER, CPL. JANE MORGAN           )
AND CORRECTIONAL MEDICAL                )
SYSTEMS                                 )
                                        )
                                        )
                                        )
            DEFENDANTS                  )

FILED

SEP 19 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PAGE – 2

## SUPPLEMENTAL AND SECOND AMENDED COMPLAINT[1]

### Background Allegations

     1.     Plaintiff Shamsidin Ali, (A/K/A Robert Saunders) is a citizen of the United States and a Resident of this judicial district.

     2.     Plaintiff has been incarcerated at the Delaware Correctional Center (DCC) in Smyrna, Delaware since June 10, 2005.

     3.     Defendant, Delaware Department of Corrections (DOC) operates the DCC.

     4.     Defendant, Stanley Taylor is commissioner of DOC.

     5.     Defendant, Rick Kearney is Warden of the Sussex Correctional Institution (SCI).

     6.     Defendant, Thomas Carroll is Warden of DCC.

     7.     Defendant, Mike Deloy is Warden of Sussex Correctional Institution (SCI).

     8.     Defendant, Earl Messick is Staff Lieutentant at Sussex Correctional Institution (SCI).

---

[1] This Amended Complaint totally rewrites the original Complaint.

PAGE – 3

9.    Defendant, Joseph Johnson is the Staff Lieutentant at Sussex Correctional Institution (SCI).

10.    Defendant, Anthony Rendina is Director of Classification/Special Programs DOC.

11.    Defendant, Paul Howard is Adult Bureau Chief DOC.

12.    Defendant, C. Segars is Supervisor of Building 21 at DOC.

13.    Defendant, Fisher is Mailroom Supervisor at Sussex Correctional Institution (SCI).

14.    Defendant, Jane Morgan is Corporal Supervisor of the Property Department at DCC.

15.    Defendant, Correctional Medical Systems is the medical contractor for DOC and provides medical treatment for its inmates.

16.    This action arises under the FIRST, EIGHTH and FOURTEENTH Amendments of the United States Constitution, 42 U.S.C. Section 1983 and 12132, 29 U.S.C. Section 794 and the laws of the State of Delaware. This court has jurisdiction of the action under 28 U.S.C. Sections 1331, 1343 and 1367. Venue lies in this district pursuant to 28 U.S.C. 1391.

## COUNT I

17.    Plaintiff incorporates herein by reference paragraph 1 through 16 hereof as-if set forth in length.

18.    While incarcerated at Sussex Correctional Institution, to be referred to as SCI, plaintiff was subjected to illegal censoring of legal and personal mail, minus court

PAGE - 4

order or sanction imposed as result of disciplinary action. Plaintiffs outgoing & incoming personal and legal mail subjected to aforementioned, and out of plaintiffs presence.

19.     While incarcerated at SCI as a result of filing a formal complaint with R. Thomas Wagner, State Auditor, and submitting evidence of illegal expenditures from "Inmate Commissary Fund" subjected to retaliatory actions. The plaintiff also filed complaints in reference to inmates, including plaintiff, being exposed to asbestos for numerous years. An attorney, Jennifer Kate Aaronson, Esquire, visited the plaintiff regarding this matter. Plaintiff was also contacted by Esteban Parra, Reporter for the News Journal, concerning inmate health care. Plaintiff having served as HIV/AIDS & HepC Peer Educator over 13 years and AIDS caregiver expressed concern over growing number of deaths at SCI. There were six (6) deaths in the course of three years.

20.     Joseph A. Hurley, Esquire expressed to Al Maseitti, of the News Journal, concern about health issues and the number of inmate deaths throughout state, and recommended contacting plaintiff. Plaintiff was contacted by Esteban Parra, reporter, and completed forms concerning interviewing and photographing.

21.     Defendants at SCI read incoming/outgoing mail to R. Thomas Wagner – State Auditor, Jennifer Kate Aaronson, Esquire and Esteban Parra, News Journal Reporter. Mail arriving at each of aforementioned, had been opened and re-taped close. These actions by defendants at SCI have been in practice since June 2004. Again, this process of opening and re-taping all outgoing/incoming mail was done out of plaintiffs presence.

22.     Plaintiffs constantly filed grievances and complaints with outside parties concerning lack of black school teachers and one black counselor; the double-standards applied to black versus caucasian inmates in classification and disciplinary actions; the racism directed at plaintiff and other Muslims in application of their religion. All complaints stated in this paragraph have been filed with Sen. Karen Peterson, U.S. Civil Rights Commission, Civil Rights Division of the U.S. Department of Justice – Washington, D.C., U.S. Department of Justice – Delaware and throughout the Department of Corrections.

23.     On June 9, 2005 Lt. Jim Hollis and Donna Furhman, Counselor, informed the plaintiff that he had been re-classified and that he had outlived the program needs at SCI. Hence, the plaintiff was transferred June 10, 2005. Ordinarily, when inmates are classified to another facility after initial classification, the process proceeds through the Multi Disciplinary Team (MDT), then to the Institution Classification Committee (ICC)

PAGE - 5

and finally, the Institution Board Classifications Committee (IBCC). In the plaintiffs case the process was handled in reverse, and the MDT (Lt. Jim Hollis and Donna Furhman) ignored the plaintiffs medical problems, which to be addressed in Departments Salient Classificaton Score Factors; Override Factors: "Physical/Medical limitation that could affect housing placement." It was known by aforementioned parties, plaintiff suffered with following medical problems; severe case of high blood pressure (takes ten medications daily), degenerate disc disease (walk with assistance of case for over 15 years), cane prescribed by Dr. DeShuttle as result of MIR of back/legs. Plaintiff made members of MDT aware of physical problems.

24.    Plaintiff is entitled to punitive damages for defendants at SCI illegally opening and censoring all (legal/personal) outgoing and incoming mail. Failure by classification to take into account plaintiff's medical conditions, according to Department Classification Salient Score Factors.

## COUNT II

25.    Plaintiff incorporates herein by reference paragraphs 1 through 24 hereof as if set forth at length.

26.    DOC receives Federal Financial Assistance.

27.    Plaintiff has physical impairment which substantially limits one or more of his major life activities. He suffers with degenerative disc disease, chronic lesions in left basal ganglia and left thalamus of the brain, severe blood pressure problems, suffered silent stroke, heart murmur, Achilles tendon problem and severe headaches.

28.    Plaintiff under care of Dr. David Sopa, Orthepedic and Dr. Maria Ionita, Neurologist, both located in Lewes, Delaware. Plaintiff has appointment scheduled late May or early June with Dr. Ionita. As result of noted complications, warmness in left elbow and limited mobility in left arm, Dr. Roberta Burn, of the Sussex Correctional Institution, wrote an order for plaintiff to be taken back to Dr. David Sopa who performed surgery. Dr. Burns, also stated for Dr. Sopa to utilize his x-ray machine as result of possible problem with same at SCI, which possibly caused plaintiff's previous x-ray to be incorrectly read at SCI.

PAGE - 6

29.    Plaintiff is qualified individual with disabilities within the meaning of Americans With Disabilities Act, 42 U.S.C. Section 12132 and the Rehabilitation Act, 29 U.S.C. Section 794.

30.    DCC officials have refused to provide reasonable accommodations; plaintiff is deprived of cane, since June 10, 2005 served ice cold diet tray three times per day, assigned to second floor, which requires walking distance equal to that of city block, and secured by waist chain and shackles for visits and interviews.

31.    Since arriving at DCC, submitted eight (8) sick call requests, two (2) medical emergency grievances to Warden Thomas Carroll concerning series of medical problems all of which have gone ignored.

32.    DCC Officials have refused to assist plaintiff with walking through facility to reach destinations and refuse to provide a cane despite the plaintiff's constant pain.

33.    DCC Officials keep plaintiff locked in cell 24 hours per day, permitted out of cell 3 hours per week for exercise, shower and clean room. Plaintiff housed with inmates with severe mental disorders and history of violent behavior towards fellow inmates. DCC has failed to make reasonable accommodations for plaintiff's illnesses.

34.    Defendants at DCC failure to address plaintiff's medical and physical disabilities violate the Americans with Disabilities Act and Eighth Amendment of the United States Constitution.

35.    Plaintiff is entitled to monetary damages from DOC to compensate him for its failure to make reasonable accommodations for his physical disabilities and denial of access to sick-call. In addition, the plaintiff is entitled to injunctive relief preventing further violations of his rights under the Americans with Disabilities Act and the Eighth Amendment of the United States Constitution.

## COUNT III

36.    Plaintiff incorporates herein by reference paragraph 1 through 35 hereto as is set forth at length.

PAGE - 7

37.    On September 24, 2004 plaintiff filed the original Complaint in this action.    It complained of his repeatedly having legal and outgoing personal mail censored.  This also was an issue for Masjid Ullah, Inc.'s outgoing/incoming religious materials.  By the Complaint sought compensatory damages.

38.    The Complaint named Warden Rick Kearney, Deputy Warden Mike Deloy, S/Lt. Earl Messick, S/Lt. Joseph Johnson and Cpl. Fisher.

39.    In concert as a result of plaintiff complaining about racial disparities in inmate treatment, being exposed to asbestos, improper medical care, which lead to a number of inmate deaths, improper expenditures from inmate commissary account and religious issues, the defendants infringed upon plaintiff's First Amendment Rights.

40.    Defendants Kearney, Deloy, Messick, Johnson and Fisher are jointly liable because of knowledge of campaign of infringement upon plaintiff's First Amendment Right.

## COUNT IV

41.    Plaintiff incorporates herein by reference paragraph 1 through 40 hereof as if set forth at length.

42.    Plaintiff has written Warden Carroll, Captain C. Segars, Anthony Rendina, Paul Howard and Commissioner Taylor concerning lack of medical attention,  lack of follow-upon medical appointments, address of cold diets, improper housing due to physical disabilities and being subjected to cruel and unusual punishment.  The defendants, failed to address any issues presented, including Defendant Morgan rifling through plaintiff's legal and personal items, selecting which legal papers, books, and research materials she deemed proper.  The failure of defendants Taylor and Carroll to demand Correctional Medical Systems address plaintiff's medical needs.

43.    Plaintiff filed series of grievances with Correctional Medical Systems for failure to address sick-call requests.

PAGE - 8

**WHEREFORE, PLAINTIFF PRAYS THAT:**

1.    This Court preliminarily and permanently enjoins defendants, their agents and employees from denying plaintiff medical attention and directs the defendants to make accommodations for plaintiff's physical disabilities;

2.    This Court preliminarily and permanently require defendants to provide scheduled medical appointments with Dr. David Sopa, Orthopedic and Dr. Maria Ionita, Neurologist;

3.    This Court instruct defendants Taylor, Carroll and Morgan make plaintiff legal/personal items available in order to secure legal and other personal items entitled;

4.    Plaintiff be awarded punitive and compensatory damages together with interest;

5.    Provided comprehensive physical examinations, by medical provider other than Correctional Medical Systems;

6.    Based on Departments Salient Classification Score Factor of Five (5) be assigned aforementioned area; and;

7.    Plaintiff be awarded such other and further relief as the Court deems just.


**Shasidin Ali, SBI #052590**
**A/K/A Robert Saunders**
**DCC**
**1181 Paddock Road**
**Smyrna, DE 19977**

Dated: _Sent 15 2005_

## CERTIFICATE OF SERVICE

I, Shamsidin Ali, hereby certify that on the _16th_ day of _September_,

2005, a copy of the attached document was caused to be served upon the following:

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

_Shamsidin Ali_
**Shamsidin Ali, #052590**

