IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PAUL HOWARD, RICK KEARNEY, MIKE DELOY, EARL MESSICK, JOSEPH JOHNSON CPL. FISHER, THOMAS CARROLL, CORRECTIONAL MEDICAL SYSTEMS, DELAWARE DEPARTMENT OF CORRECTION, JANE MORGAN, ANTHONY J. RENDINA, C. SEGARS, and STANLEY TAYLOR, <br><br> Defendants. | ) ) ) ) ) ) ) ) Civ. No. 05-102-KAJ ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM ORDER**

Shamsidin Ali a/k/a Robert Saunders ("Ali") and Masjid Ullah, Inc. bring this civil rights action pursuant to 42 U.S.C. §1983. They appear *pro se* and the filing fee has been paid. At the time of the filing of his complaint, Ali was incarcerated at the Sussex Correctional Institute ("SCI"), Georgetown, Delaware. He was later transferred to the Delaware Correctional Center ("DCC"). I now proceed to screen the complaint pursuant to 28 U.S.C. § 1915A.

I. **CORPORATION PROCEEDING *PRO SE***

The complaint is brought by plaintiffs Ali and Masjid Ullah, Inc. Both purport to appear *pro se*. However, Masjid Ullah, Inc., as a corporation, is not permitted to appear

in that status. A corporation cannot appear *pro se* or by a representative of the corporation, and may only participate in litigation through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 217 (1993); *Simbraw, Inc. v. United States,* 367 F.2d 373 (3d Cir. 1996).

Therefore, Masjid Ullah, Inc. is given thirty days from the date of this order to obtain counsel. Failure to obtain counsel will result in the dismissal of Masjid Ullah, Inc. as a plaintiff in this case.

## II.   THE COMPLAINT

Ali filed his original complaint on February 22, 2005. (D.I. 1). An amended complaint was filed on September 19, 2005, raising additional allegations and adding new defendants. (D.I. 19). "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). To date, the parties have not yet been served. Accordingly, Ali may proceed on the amended complaint.

Counts I and III of the amended complaint allege that Ali was subjected to illegal censoring of legal and personal mail in violation of his first amendment rights. I note that in the original complaint Ali alleged these actions were taken by defendants Earl Messick ("Messick"), Joseph Johnson ("Johnson") and Cpl. Fisher ("Fisher"), and that defendants Paul Howard ("Howard"), Rick Kearney ("Kearney") and Mike Deloy ("Deloy") were not only aware of the actions and did nothing, but also were involved in a "knowledge of campaign of infringement" of Ali's constitutional rights. In the amended complaint Ali also alleges that Jane Morgan ("Morgan") rifled through his legal papers

and personal items. Count I also alleges that Ali was reclassified even though this was known to have an adverse effect upon his medical conditions of high blood pressure and degenerative disc disease. Finally, Ali alleges that Warden Thomas Carroll ("Warden Carroll"), Captain C. Segars ("Segars"), Anthony Rendina ("Rendina"), Howard and Commissioner Stanley Taylor ("Commissioner Taylor") were aware of the aforementioned issues and failed to address them.

Count II and IV of the complaint allege that Ali, as a qualified individual under the Americans with Disabilities Act[1], 42 U.S.C. § 12132 and the Rehabilitation Act, 29 U.S.C. § 794, was denied reasonable accommodation by the Delaware Department of Correction. He further alleges that he submitted sick call slips which were ignored, and that he filed grievances with Correctional Medical Systems for failure to address his sick call slips. Finally, Ali alleges that Warden Carroll, Segars, Rendina, Howard and Commissioner Taylor were aware of the aforementioned issues and failed to address them.

## III.   STANDARD OF REVIEW

When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Section1915A(b)(1) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a

---

[1] The provisions of the Americans with Disabilities Act and the Rehabilitation Act are applicable to state prison programs and prisoners can be qualified individuals entitled to protection under these Acts. *Yeskey v. Commonwealth of Pennsylvania Dep't of Corrections*, 118 F.3d 168 (3d Cir. 1997), *aff'd,* 524 U.S. 206 (1998); *See also United States v. Georgia*, –U.S.–, 126 S.Ct. 877 (2006) (ADA validly abrogates state sovereign immunity insofar as it creates a cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment).

claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## IV.   ANALYSIS

Ali alleges that his constitutional rights were violated when he transferred from the SCI to the DCC. This claim does not rise to a constitutional violation.

"As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). Accordingly, the transfer of a prisoner from one classification to another has been found to be unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation

omitted); *Moody v. Daggett,* 429 U.S. 78 (1976); *Carrigan v. State of Delaware,* 957 F.Supp. 1376 (D.Del. 1997) (prisoner has no constitutionally protected interest in a particular classification); *Brown v. Cunningham,* 730 F.Supp. 612 (D.Del.1990) (stating that plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not a violation of plaintiff's liberty interest). There is no indication that Ali's placement in a different housing unit imposed upon him an "atypical and significant hardship. . .in relation to the ordinary incidents of prison life" so as to impinge upon his protected liberty interests. *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Therefore, I am dismissing that portion of Count I that alleges a constitutional violation on the basis of Ali's reclassification/transfer from SCI to DCC.

## V. APPOINTMENT OF COUNSEL/DISQUALIFICATION/TRANSFER

On December 29, 2005, I denied Ali's motion for appointment of counsel. (D.I. 13, 22). Ali renews the motion, advising the Court that this case had emergency status. (D.I. 23). At the same time, he seeks my disqualification from the case and transfer of the case to Philadelphia. Ali says that after waiting for seven months he was finally treated for a medical condition on December 13, 2005, and in the days that followed, and as recently as January 10, 2006. It appears that Ali believes the delay in medical treatment provided sufficient grounds for appointment of counsel.

It is within this court's discretion to appoint plaintiff an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."

*Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed plaintiff's complaint, the court finds that his allegations are not of such a complex nature as to warrant appointment of counsel at this time. Therefore, I am denying, without prejudice, the renewed motion for appointment of counsel.

Ali seeks my disqualification from the case on the basis that I did not attempt to check the truthfulness of his emergency, and because Ali thinks I cannot be fair. He also seeks transfer of the case to Philadelphia.

A judge is required to recuse where his or her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Mere disagreement with an adverse ruling, however, does not form a sufficient basis for recusal or disqualification. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Ali has provided no basis for my recusal nor has he provided a basis for transfer of this matter to Philadelphia. Accordingly, the motion is denied.

## VI.  CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. Masjid Ullah, Inc. is given **thirty days** from the date of this order to obtain counsel. Failure to obtain counsel will result in the dismissal of Masjid Ullah, Inc. as a plaintiff in this case.

2. The motion for appointment of counsel, disqualification and transfer (D.I. 23) is DENIED.

3.  Count I alleging a constitutional violation on the basis of Ali's reclassification/transfer from SCI to DCC is DISMISSED without prejudice as frivolous

4   Shamsidin Ali has raised what appear at this point to be cognizable claims under the First, Eighth and Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. He is allowed to PROCEED with those claims.

IT IS FURTHER ORDERED that:

1.  Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff Shamsikin Ali shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **each** defendant, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, Ali shall provide the Court with one copy of the complaint (D.I. 1) and the amended complaint (D.I. 19) for service upon each defendant. Furthermore, Ali is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for each defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2.  Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint and the amended complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

3.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

4.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5.      No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6.      **NOTE:** \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

7.  **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                                                                          UNITED STATES DISTRICT JUDGE

February 1, 2006
Wilmington, Delaware