IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT SAUNDERS, <br> (A/K/A Shamsidin Ali) <br><br> **Plaintiff** <br><br> v. <br><br> DELAWARE DEPARTMENT OF <br> CORRECTIONS, COMM. STAN TAYLOR, <br> WARDEN RICK KEARNEY, WARDEN <br> THOMAS CARROLL, DEPUTY WARDEN <br> MIKE DELOY, S/LT. EARL MESSICK, <br> S/LT. J. JOHNSON, CAPT. C. SEGARS, <br> ANTHONY RENDINA, PAUL HOWARD, <br> CPL. FISHER, CPL. J. MORGAN AND <br> CORRECTIONAL MEDICAL SERVICES, <br><br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 05-102-KAJ |

## MOTION FOR APPOINTMENT OF COUNSEL

**COME NOW** Robert Saunders, (A/K/A Shamsidin Ali) pursuant to Federal Rules of Civil procedure, moves this Honorable court to grant plaintiff's request for appointment of counsel. In furtherance of his motion, the plaintiff requests as follows:

1.    There is likelihood of substantial prejudice to plaintiff resulting from his probable inability without such assistance to present the facts and legal issues to the court in this complex, and arguably meritorious case.

2.      The plaintiff is still suffering with Methicillin Resistant Staphylococcus Aureus (MRSA) infection. Having gone untreated for seven months, in spite of submitting fifteen sick-call requests, constantly informed only spider bite. Having been left untreated for such length of time, plaintiff has dried abscesses and scar tissue over 70 percent of body. Plaintiff currently experiences excruciating pain and occasional bleeding from scabs. At no time was plaintiff informed that there was outbreak of MRSA in prison or that he should take precaution not to have contact with infected inmates or that he should not touch his infections.

3.      Defendants, Correctional Medical Services, Warden Thomas Carroll, Commissioner Stan Taylor and Capt. C. Segars, did not disclose to Saunders or the other inmates that his boils or the boils contracted by twenty-five (25) other inmates at Delaware Correctional Center were infectious nor did they disclose they were MRSA boils. Inmates were told that the boils were "spider bites", "pimples" and "folicultis" and not communicable infections.

4.      From August 2005 to January 2, 2006 Correctional Medical Services employees, Ihuoma Chuks - Physician Assistant and Crystal Austin - Head Nurse, denied plaintiff the opportunity of being seen by the physician. On January 2, 2006, plaintiff called to infirmary for medical grievance hearing concerning boils and abscesses. Debbie Rodweller, Medical Grievance Officer and Nurse, shown massive abscesses and boils. Nurse Rodweller, immediately took plaintiff to Dr. Veloso, physician providing service for inmates at Delaware Correctional Center (DCC).

5.      On March 27, 2006, plaintiff seen by Dr. Roberta Burns (DCC), who stated that a great part of the plaintiff's medical record (blood work, MIR results and other medical history) was missing. Counsel will be necessary to properly address.

6.      Defendant Morgan fabricated alleged rule infraction and plaintiff was found guilty. Defendants (Taylor, Carroll, Rendina and Howard) refused to permit plaintiff to have polygraph examination conducted by Shannon Associates at no additional cost to the department.

7.      Plaintiff plans to file motion under Rule 23 Federal Rules of Civil Procedure to have case certified as class action for all inmates within jurisdiction of Department of Corrections that contracted MRSA. Counsel necessary to file under Rule 23.

8.      Plaintiff currently under treatment of neurologist, as result of chronic lacunar lesions in left basal ganglia and left thalamus of the brain. The aforementioned discovered May 14, 2004 as result of MIR examination. Constantly suffer severe headaches.

9.      There will be a need to access records and conduct investigations not possible by plaintiff.

10.   The factors to be considered in deciding whether an appointment of counsel is warranted include; the arguable merit of the plaintiff, the claim, plaintiff's inability to present his case, the difficult nature of the issue, the degree of factual investigation that will be required and the plaintiff's inability to pursue such investigations, the likelihood that witness credibility will be key issue, the need for and inability to secure expert testimony, and the plaintiff's current medical problems, including lack of treatment by dermatologist, which Dr. Roberta Burns ordered in December 2005.

   **WHEREFORE,** the plaintiff respectfully requests that this Honorable Court grant petition for appointment of counsel.

Dated: May 14, 2006

Robert Saunders 052590
1181 Paddock Road
Smyrna, DE 19977