IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME K. HAMILTON, a.k.a.<br>CHEIKH AHMED ELOHIM,<br><br>    Plaintiff,<br><br>    v.<br><br>CATHY L. GUESSFORD, REBECCA<br>MCBRIDE, ROBERT F. SNYDER,<br>THOMAS L. CARROLL, and STANLEY<br>W. TAYLOR, Jr.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 04-1422 GMS |

FILED

JUN - 6 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## ORDER

WHEREAS, on November 5, 2004, Jerome K. Hamilton ("Hamilton") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983;

WHEREAS, on December 30, 2004, Waivers of Service (D.I. 14, 16, 17) were returned executed as to Cathy L. Guessford ("Guessford"), Thomas L. Carroll ("Carroll"), and Stanley W. Taylor ("Taylor") (collectively, the "defendants");

WHEREAS, pursuant to Federal Rule of Civil Procedure 4(d)(3), and based on the December 30, 2004 return date, the defendants' answer to the complaint was due February 28, 2005;

WHEREAS, the defendants did not file an answer by February 28, 2005;

WHEREAS, on March 1, 2005, Hamilton filed a Request for Entry of Default (D.I. 19);

WHEREAS, Jane Brady ("Brady"), the Attorney General for the State of Delaware, was not served until January 26, 2005 and, therefore, pursuant to Del. Code Ann. tit. 10, § 3103(c), service

upon the defendants was not complete until that date;[1] and

WHEREAS, the defendants answer to the complaint was filed on March 15, 2005, within sixty days after service on Brady;[2]

IT IS HEREBY ORDERED that:

1. The plaintiff's Request for Entry of Default (D.I. 19, 20) is DENIED.

Dated: June 6, 2005

UNITED STATES DISTRICT JUDGE

---

[1] Del. Code Ann. tit. 10, § 3103(c) states:

[n]o service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General.

[2] Pursuant to Federal Rule of Civil Procedure 4(d)(3), and based on the January 26, 2005 service date, the defendants answer was due on March 28, 2005.