# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS and MASJID ULLAH, INC., )<br>)<br>)<br>Plaintiff, )<br>)            Civ. No. 05-102-KAJ<br>v. )<br>)<br>DELAWARE DEPARTMENT OF )<br>CORRECTIONS, COMM. STANLEY )            JURY TRIAL BY TWELVE<br>TAYLOR, WARDEN RICK KEARNEY, )            DEMANDED<br>WARDEN THOMAS CARROLL, DEPUTY )<br>WARDEN MIKE DELOY, S/LT. EARL )<br>MESSICK, S/LT. JOSEPH JOHNSON, )<br>CAPTAIN C. SEGARS, ANTHONY )<br>RENDINA, PAUL MORGAN and )<br>CORRECTIONAL MEDICAL SYSTEMS, )<br>)<br>Defendants. ) | |

## MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO DISMISS PLAINTIFF'S COMPLAINT[1]

Defendant, Correctional Medical Services, Inc., ("CMS"), incorrectly named Correctional Medical Systems, through its undersigned counsel, hereby respectfully moves this Honorable Court to enter the attached Order, dismissing plaintiff's Complaint with prejudice and, in support thereof, avers as follows:

1.     Plaintiff filed a Complaint in this matter on February 17, 2005 and a Supplemental and Second Amended Complaint on March 7, 2006 alleging violations of his First, Eighth and Fourteenth Amendment Rights under 42 U.S.C. §1983.  Violations of 29 U.S.C. §794 and the laws of Delaware are also alleged; however, the Delaware laws are not specifically set

---

[1] Moving defendant waives its right to file an Opening Brief and submits this Motion in lieu thereof pursuant to Local Rule 7.1.2.  However, moving defendant reserves the right to file a Reply Brief.

forth. A copy of plaintiff's Supplemental and Second Amended Complaint is attached hereto as Exhibit "1".

2. In his Complaint, plaintiff alleges that while at Sussex Correctional Institution ("SCI") he was subjected to illegal censoring in that his incoming and outgoing mail was opened and read. See Exhibit "1" at ¶ 18-24. He also alleges that the Department of Corrections failed to make reasonable accommodations for his physical disabilities and denied him access to sick call. See Exhibit "1" at ¶ 25-35. He further alleges that he was denied access to medical care. See Exhibit "1" at ¶ 42-43.

3. The plaintiff has failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1996. 42 U.S.C. §1997e (a) provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

4. The Courts have upheld the requirements of 42 U.S.C. §1997e (a), and stated that an inmate must first exhaust all the administrative remedies available to him/her prior to filing a §1983 action premised upon prison conditions. Nyhuis v. Reno, 204 F.3d 65, 67 (3rd Cir. 2000) ("(T)he PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory-whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action") ; see also Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (§1997e(a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.)

5. Prison conditions have been defined to include the environment in which the prisoners live, the physical conditions of that environment and the nature of the services provided therein. Booth, 206 F.3d at 291.

6.      The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance. See Exhibit "2", at 6. An inmate must file a grievance with the Inmate Grievance Chairperson (IGC) who then forwards it to the medical staff for review. If action needs to be taken, the medical staff is required to attempt an informal resolution of the grievance with the inmate. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee to conduct a hearing. Id.

7.      If the medical grievance hearing decision does not satisfy the inmate, the inmate may complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer. See Exhibit "2", at 7. The Bureau Grievance Officer recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

8.      It is clear from the Complaint that the plaintiff is complaining about a prison condition which under 42 U.S.C. §1997e(a) required him to exhaust all the administrative remedies available to him. It is equally clear from a review of the Complaint that the plaintiff never exhausted his administrative remedies made available by the Delaware Department of Corrections. Plaintiff admits in his Supplemental and Second Amended Complaint that he "filed (a) series of grievances with Correctional Medical Systems for failure to address sick-call requests"; however, no information is provided regarding the dates of these grievances, steps which were taken to resolve these grievances or whether the decisions were appealed as is required pursuant to administrative procedures. See Exhibit "1" at ¶ IV. Attached to Plaintiff's Motion to Appoint Counsel filed on May 22, 2006 as Exhibit "B" were two medical grievances dated April 28, 2006. D.I. 46. These grievances were filed less than two months ago and not enough time has

elapsed to allow these to proceed through the administrative grievance and appeal process. Therefore, plaintiff did not exhaust all administrative remedies available to him.

9.   42 U.S.C. §1997e(a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources. O'Neil v. Kearney, et al., C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (citing Nyhuis v. Reno, 204 F.3d 65, 75 (3rd Cir. 2000)). (Attached as Exhibit "3"). At the time this action was filed, several, if not all, procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistake and wasting judicial resources. Therefore, plaintiff's Complaint must be dismissed.

10.   In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his medical condition is "serious". Boring v Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F.2d 64,

67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

11. The allegations even if assumed to be true, do not constitute deliberate indifference to a serious medical condition in violation of the plaintiff's Eighth Amendment rights. Although plaintiff disagreed with the medical treatment he received, this alone does not support a §1983 claim. "Where the plaintiff has received some care, the inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim". Norris v. Frame, 585 F.2d 1183, 1186 (3rd Cir. 1978). Claims for inadequate medical care pursuant to §1983 must be denied where the complaint is that the medical treatment did not comport with the inmate's requests since it is merely a disagreement over the proper means of treatment. Boring, 833 F.2d at 473.

12. Plaintiff received treatment, including various lotions, ointments and medications, for his dermatological condition from at least 2005 through May of 2006[2]. Plaintiff's medical records from 2005 through 2006 are attached as Exhibit "4". On January 4, 2006 a specimen of Plaintiff's skin was sent off for analysis where it was diagnosed as suppurative and granulomatous dermatitis and neutrophilic dermatosis which suggested a reaction to a cyst or folliculitis.

13. On May 22, 2006, Plaintiff filed Exhibits attached to his Motion to Appoint Counsel which consisted of two Medical Grievances dated April 28, 2006, requests for medical treatment dated April 14, 2006; March 28, 24, 15; and February 6, 2006. D.I. #46. In addition, several letters from Plaintiff to several Delaware State Officials dated April 2006 were attached.

---

[2] Additional treatment may have been provided; however, May of 2006 is the last date that medical records were received prior to the filing of this Motion.

His primary complaints are that he was not prescribed medication for both his blood pressure and skin condition and that he has not been scheduled for treatment with a Dermatologist.

14.     Plaintiff's medical conditions have not been consciously disregarded.  On March 22, 2006, Plaintiff's medications for his skin condition were modified such that some were discontinued and others were prescribed, including Prednizone.  On March 28, 2006, Prednizone was prescribed on a tapering basis.  On April 3, 2006, Predinozon and therapy lotion was prescribed.  On April 25, 2006, a dermatology consult was prescribed and blood pressure medications were reviewed.  On May 23, 2006, medications were again prescribed.

15.     CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs.  Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D. Del. 1992) (citing Monell v. Dept. of Social Services, 436 U.S. 658 (1978)).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict.'"  Whalen v. Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 21334 (citing Miller, 802 F. Supp. at 1132)).  (Attached as Exhibit "5").

16.     "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  Id.

17.     "To state a claim, plaintiff would have to demonstrate that CMS has a policy or custom of not providing necessary medical care to inmates."  Whalen, C.A. No. 02-246-JJF Mem. Op. at 4.  See Exhibit "5"  "CMS would not be liable unless it had a policy or custom that encouraged or otherwise caused its physicians to not provide such necessary services."  Id.

18. In this case, the plaintiff cannot prove any set of facts that would demonstrate that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care.

19. Moreover, CMS cannot be held responsible for the acts of its employees under a theory of respondeat superior in a §1983 action. Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior. Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992). For a plaintiff to prevail, the defendant must have personal involvement in the alleged wrong; "liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (1988).

20. A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6). Even a pro se litigant must plead sufficient facts to sustain a legal claim. See Riddle v. Mondragon, 83 F. 3d 1197, 1202 (10th Cir. 1996). As a matter of law, plaintiff's claims against CMS must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, defendant, Correctional Medical Services, Inc., moves this Honorable Court to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: */s/ Kevin J. Connors*
KEVIN J. CONNORS, ESQ.
DE Bar ID: 2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendant, Correctional Medical Services, Inc.

DATED: June 9, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\357540\ESTHOMPSON\13252\00165