## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SHAMSIDIN ALI, a/k/a Robert Saunders,  )
and MASJID ULLAH, INC.,  )
  )
      Plaintiffs,  )
  )
      v.  )    C. A. No. 05-102-KAJ
  )
PAUL HOWARD, et al.,  )
  )
      Defendants.  )

### STATE DEFENDANTS' RESPONSE
### TO PLAINTIFF'S MOTION TO HIRE EXPERT

COME NOW the State Defendants Paul Howard, Rick Kearney, Mike Deloy, Earl Messick, Joseph Johnson, Cpl. Fisher, Thomas Carroll, Delaware Department of Correction, Anthony J. Rendina, and Stanley Taylor ("State Defendants"), by and through the undersigned counsel, and respond to Plaintiff's Motion to Hire Expert [D.I. 59] as follows:

1.    The original Complaint in this matter was filed on February 22, 2005. [D.I. 1]. The Supplemental and Second Amended Complaint ("Amended Complaint") was filed on September 19, 2005. [D.I. 19]. State Defendants filed their Answer to the Amended Complaint on June 1, 2006. [D.I. 49].

2.    In his Motion to Hire Expert [D.I. 59], Plaintiff makes rather confusing assertions concerning a disciplinary write-up by "Defendant Morgan"[1] related to Plaintiff's possession of a broken watch. Apparently, in connection with the disciplinary hearing, Plaintiff's request for a polygraph examination was denied. Plaintiff does not

---

[1] While Jane Morgan is a named defendant in this matter, she has not been served. [D.I. 56].

indicate whether he appealed the outcome of the disciplinary hearing. He claims that Defendants in this action have attempted to cover-up Defendant Morgan's lies. He asks the Court for permission to hire a polygraph expert. He does not specify who would undergo the polygraph examination.

3.      Plaintiff's allegations concerning a broken watch, a disciplinary hearing and a polygraph examination have no relevance to the claims pending in this action. None of these assertions are even mentioned in the Amended Complaint. Plaintiff should not be permitted to use this lawsuit as a means of bringing unrelated issues to the attention of the Court.

4.      Further, an inmate has no right to the use of a polygraph in a prison disciplinary hearing. *See Younger v. Saffle,* 1998 WL 454109, at *1 (10th Cir.), *cert. denied,* 525 U.S. 1080 (1999) (attached hereto as Exhibit A); *Patterson v. Gilmore,* 1992 WL 06784, at *3 (7th Cir.) (attached hereto as Exhibit B); *Kuttab v. Fleming,* 2004 WL 1944094, at *4, *aff'd*, 132 Fed. Appx. 23 (5th Cir. 2005) (attached hereto as Exhibit C).

5.      Plaintiff' Motion is without merit and must be denied.

WHEREFORE, for the reasons set forth herein, State Defendants respectfully request that this Court deny Plaintiff's Motion to Hire Expert.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
eileen.kelly@state.de.us
(302) 577-8400

Date:  June 20, 2006      Attorney for State Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2006, I electronically filed *State Defendants'*

*Response to Plaintiff's Motion to Hire Expert* with the Clerk of Court using CM/ECF

which will send notification of such filing to the following:  Kevin J. Connors, Esquire.  I

hereby certify that on June 20, 2006, I have mailed by United States Postal Service, the

document to the following non-registered party:  Shamsidin Ali, a/k/a Robert Saunders.


/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us