Westlaw.

Not Reported in F.Supp.2d                                                                                                Page 1

Not Reported in F.Supp.2d, 2004 WL 1944094 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Fort Worth Division.
Samuel KUTTAB,
v.
L.E. FLEMING, Warden, FMC-Fort Worth
No. 4:04-CV-286-A.

Aug. 31, 2004.

Samuel Kuttab, Seagoville, TX, pro se.
Tami C. Parker, US Attorney's Office, Fort Worth, TX, for Respondent.

*MEMORANDUM OPINION and ORDER*

MCBRYDE, J.
*1 On April 20, 2004, *pro se* petitioner, Samuel Kuttab ("Kuttab") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 wherein L.E. Fleming, Warden, Federal Medical Center-Fort Worth ("respondent"), is respondent. On June 28, 2004, respondent filed a motion to dismiss and a motion for summary judgment. After considering the motions, Kuttab's reply, the record, and applicable authorities, the court concludes that the motion to dismiss should be granted and Kuttab's petition should be denied.

I.

*Background and Procedural History*

On January 2, 2003, Kuttab began a 32-month term of incarceration at Federal Correctional Institution Schuylkill ("Schuylkill") for various tax-related offenses. On February 13, 2003, Kuttab was subjected to a urinalysis drug test, which indicated a positive result for the presence of THC (the active ingredient in marijuana). On February 25, 2003, following a hearing before a Disciplinary Hearing Officer ("DHO"), Kuttab was sanctioned for alleged drug use. On April 8, 2003, Kuttab provided a urine sample which indicated a positive result for THC. On April 21, 2003, following another hearing before a DHO, Kuttab was subjected to additional sanctions. On June 1, 2003, Kuttab was removed from Schuylkill and transferred to Federal Correctional Institute Big Spring ("Big Spring").

On April 20, 2004, Kuttab petitioned this court for writ of habeas corpus, alleging due process violations related to the disciplinary hearings, appeals from those hearings, and the transfer to Big Spring. He is currently serving his sentence at the Seagoville Federal Correctional Institute, Texas, with a projected release date of November 17, 2004. FN1

FN1. Kuttab filed his habeas petition while incarcerated at the Federal Medical Center in Fort Worth, Texas, giving this court jurisdiction to hear this action. *See* 28 U.S.C. § 2241(b). The subsequent transfer to Seagoville has no effect on this court's jurisdiction, since both the petitioner and respondent remain within this court's jurisdiction. *See, e.g., Jones v. Cunningham,* 371 U.S. 236, 243-244, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (holding that a district court does not lose jurisdiction so long as an appropriate respondent remains in the district).

II.

*Petitioner's Claims*

In his petition for a writ of habeas corpus, Kuttab claims that his Constitutional rights were violated

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                            Page 2

Not Reported in F.Supp.2d, 2004 WL 1944094 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

and asks for an expungement of all incidents relating to this matter, the return of 82 days of good conduct time, and relocation to Schuylkill to complete the remainder of his sentence. Particularly, Kuttab alleges that the following acts violated his Constitutional rights:
1. At Kuttab's February 25 hearing, the DHO allegedly refused to examine "scientific" documentary evidence that purports to show that THC can remain in body for more than 30 days.
2. At Kuttab's April 21 hearing, the DHO allegedly failed to consider documentary evidence purporting to show that Kuttab's use of pain relievers, Ibuprofen and Naproxin, could have caused the drug test to show the presence of THC.
3. The BOP allegedly uses inaccurate drug testing methods; Kuttab should have been retested using an alternate method.
4. Kuttab allegedly was not given access to the lab reports prior to his disciplinary hearings.
5. Kuttab allegedly was not shown the chain of custody of the drug tests or a copy of the investigation prior to the disciplinary hearings.
6. Multiple tests within the minimum 30-day waiting period allegedly violated the right against double jeopardy.
*2 7. Kuttab allegedly was not allowed to undergo polygraph testing to prove his innocence.
8. Kuttab allegedly was transferred to Big Spring rather than to a low security institution in the Northeastern United States.
9. Kuttab allegedly was placed in a Special Housing Unit for retaliatory purposes.
10. Kuttab allegedly was not allowed to file appeals drafted by his attorney during the administrative remedies process, but was required to use BOP forms.

### III.

*Respondent's Motion to Dismiss*

In response to Kuttab's petition, respondent filed a motion to dismiss for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Respondent's arguments are summarized as follows:
1. To the extent Kuttab asserts that his placement in the Special Housing Unit was improper and his transfer from Schuylkill was retaliatory, he has failed to exhaust his administrative remedies.
2. Kuttab has failed to state a claim for relief with respect to his assertions that the DHO failed to consider extraneous materials in the disciplinary hearings.
3. Kuttab's claim that he was denied the opportunity to have more sophisticated urine or blood testing, or to undergo polygraph testing to demonstrate his innocence, does not state a due process violation.
4. Kuttab's claim that he was denied access to the urinalysis test results in advance of his disciplinary hearings does not state a due process violation.
5. Kuttab's claim that he was denied assistance of counsel during the administrative remedies process does not state a due process violation.
6. Kuttab's allegations regarding repeat drug tests fails to state a due process violation.
7. To the extent that Kuttab alleges his transfers to the Special Housing Unit and to Big Spring were unconstitutional, he has failed to state a claim upon which the relief he seeks may be based.

### IV.

*Analysis*

A. *Exhaustion of Remedies*

Generally, a prisoner is required to "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994). Exceptions are appropriate where the available remedies are either unavailable or inappropriate to the relief sought, or where the attempt to exhaust such remedies would be patently futile. *Id.* For instance, this court has held that further exhaustion would be futile where the BOP had already adopted a policy that addressed the circumstances of a petitioner's case. *See, e.g., Tasby v. Pratt*, No. 4:01-CV-0959-A, 2002 WL 1160071 at *2-3

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 3
Not Reported in F.Supp.2d, 2004 WL 1944094 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

(N.D.Tex.).

The administrative remedies at issue in the instant case involve a three-level appeal, with the final level being a Central Office Administrative Appeal to the General Counsel. *See* 28 C.F.R. § 542.15. Respondent asserts that Kuttab failed to exhaust his remedies regarding his transfers to the Special Housing Unit and to Big Spring. For support, respondent provides the affidavit of Darrin C. Scott, Senior Litigation Counsel at the BOP's Dallas Consolidated Legal Center, who avers that Kuttab failed to perfect his appeals to the Central Office. Resp't Mot. to Dismiss, App. A at 4-6. Particularly, he avers that Kuttab's appeals were rejected for failure to provide sufficient copies of earlier proceedings, and in one case as being untimely. *Id.* at 5. Kuttab responds that he has exhausted his appeals.

*3 Under the circumstances of this case, the court finds that Kuttab has exhausted his administrative remedies. In the alternative, further attempts at exhaustion would be futile. Therefore, the court addresses Kuttab's petition on its merits.

### B. *Failure to Allow Documentary Evidence*

A prisoner is entitled to minimal due process safeguards, which are balanced against "legitimate penological interests." *Henson v. Bureau of Prisons,* 213 F.3d 897, 898-99 (5th Cir.2000) Among these are the rights to have advance written notice of the violation, to call witnesses and present documentary evidence in defense, and to be given a written statement of the factfinder as to the evidence relied on and the reasons for disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539, 564-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Furthermore, "some evidence" must support the ruling. *Henson,* 213 F.3d at 898. However, prison official may limit the evidence a prisoner can present for legitimate reasons, such as "avoiding burdensome administrative requirements that might be susceptible to manipulation." *Id.* In trying a habeas corpus action, courts may not retry the prison disciplinary hearing but may only act if arbitrary or capricious action is shown. *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir.1994).

### 1. *February 25 Hearing*

Kuttab alleges that at the February 25, 2004, hearing he presented "numerous papers, books and pamphlets he wanted the DHO to review in regard to THC remaining in the body for an excessive time." Pet., App. B. at 1; Decl. of Samuel Kuttab at 2.[FN2] He alleges that the DHO refused to examine the evidence, instead basing his decision on a BOP Policy Statement 6060.08, which holds that THC remains in the body for a maximum of 30 days. Pet. at 2-3 & App. B at 2. Kuttab argues that the DHO should have acknowledged that the BOP Policy Statement "is seriously flawed" and accepted evidence to refute the policy. Pet. at 3. An exhibit submitted and relied on in his petition clearly indicates that the DHO was aware of both the nature of Kuttab's evidence as well as its purpose. Pet., App. B. at 2.[FN3]

> FN2. Kuttab's petition consists of a 19-page document entitled "Brief in Support of Petition for Writ of Habeas Corpus Pursuant to 20 USC § 2241," to which are attached appendices A though D and a document labeled "Declaration of Samuel Kuttab."

> FN3. Courts may consider documents attached to the complaint in a motion to dismiss for failure to state a claim. *See Kennedy v. Chase Manhattan Bank USA, NA,* 369 F.3d 833, 839 (5th Cir.2004).

Under the circumstances alleged by Kuttab, the DHO's decision was justifiable as avoiding burdensome administrative procedures and is entitled to deference. *See Henson,* 213 F.3d at 898. It was reasonable for the DHO to conclude that the BOP policy was based on good science, and he was therefore entitled to credit it over any literature proffered by the inmate for the purpose of refuting the BOP Policy Statement. Since, even under Kuttab's allegations, the evidentiary decision was neither arbitrary nor capricious, and since the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 4
Not Reported in F.Supp.2d, 2004 WL 1944094 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

DHO's subsequent determination of guilt was based on "some evidence," Kuttab has failed to allege a due process violation.

### 2. *April 21 Hearing*

At the April 21, 2004 hearing, Kuttab allegedly submitted documents purporting to show that Ibuprofen and Naproxin, which Kuttab allegedly had taken, could cause a false positive for marijuana. Kuttab also asserted that he could not have tested positive for marijuana because he was in the Special Housing Unit for the previous 80 days and could not have had access to marijuana. Kuttab alleges that the DHO failed to properly consider his evidence and improperly found that Kuttab committed the infraction by relying on the positive drug test, Kuttab's admission that the sample was his, and a review of the medical file, which indicated that Kuttab had not taken any medication that would produce a false positive.[FN4] Pet., App. C.

> FN4. Kuttab also alleges that the DHO failed to even review his documentary evidence. He bases this solely on a statement in the DHO's report, attached to his petition, that "[t]he inmate had no documentary evidence to present at the DHO hearing." Pet., App. C at 1; Decl. of Samuel Kuttab at 2. However, in the same section of the report, the DHO states that Kuttab "submitted various documents" and that the DHO had "read and considered these." *Id*., App. C. at 1. Later in the report, the DHO states, "I have considered the documents the inmate has submitted ... [,which] include various articles regarding false positive test results for marijuana." *Id.* at 2. From this report, attached to Kuttab's petition and relied on as the basis for his allegation, the court can only conclude that the DHO was aware of both the nature and purpose of the documents, that Kuttab's allegation is groundless, and that the only issue before the court is whether the DHO evaluated the evidence properly. *See, e.g.,*

*Kennedy v. Chase Manhattan Bank USA, NA,* 369 F.3d 833, 839 (5th Cir.2004) (noting that courts may consider documents attached to the complaint in a motion to dismiss for failure to state a claim).

*\*4 Kuttab's allegations go to the sufficiency of the evidence, which requires only that the prison disciplinary decisions be supported by "some evidence." *See, e.g., Henson,* 213 F.3d at 898. Whether or not the court might have reached a different conclusion had it presided over the hearing, it may not retry the hearing on habeas corpus review. *Reeves,* 19 F.3d at 1062. Based on Kuttab's petition and attached documents, the DHO's decision was neither arbitrary nor capricious, but it was based on "some evidence" sufficient to satisfy due process concerns. Therefore, even if the DHO improperly weighed the evidence, Kuttab has still failed to allege a due process violation.

### C. *Alternative Drug Testing Procedures and Polygraph*

Likewise Kuttab has no due process right to have drug samples retested or to a have polygraph test. *Henson,* 213 F.3d at 898-99. The BOP's denial of retesting and denial of a polygraph are justified by its interest in "avoiding burdensome administrative requirements" and in "act[ing] swiftly on the basis of evidence that might be insufficient in less exigent circumstances." *Id.*

### D. *Drug Test Results, Chain of Custody, and Investigation*

Kuttab's allegation that he was unable to adequately defend himself in the disciplinary proceedings, because he was not given copies of the drug test results, is without merit because he was not constitutionally entitled to receive the drug test reports prior to his hearing. Kuttab's reliance on 28 C.F.R. § 513.42, which allows inmates access to their medical records, is misplaced, since nothing indicates that drug tests made for disciplinary

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 5
Not Reported in F.Supp.2d, 2004 WL 1944094 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

purposes are part of the inmate's medical record. More importantly, under *Wolff*, due process requires only that the prisoner be provided with written notice of the charges prior to the hearing. 418 U.S. at 564-66; *see also Harrison v. Dahm,* 911 F.2d 37, 41 (8th Cir.1990) (holding that due process did not entitle a prisoner to urinalysis results prior to a disciplinary hearing). Nor did Kuttab have a constitutional right to review the chain of custody for the urine samples prior to the hearing. *See Harrison,* 911 F.2d at 41 (holding that due process did not entitle a prisoner to review the chain of custody of a drug sample prior to a disciplinary hearing).

More troubling is Kuttab's allegation that he was not allowed to see a copy of the investigation prior to the February 25 hearing. Kuttab alleges that, because of this, he was unable to refute an erroneous allegation that he had entered Schyulkill on December 18, 2002, and that he had thus admitted to smoking marijuana in prison. A prisoner ordinarily has no right to see a copy of an investigation. 28 C.F.R. § 541.14. However, if a matter is referred to the DHO, as in Kuttab's case, a copy of the investigation is to be forwarded to the prisoner's representative in preparation for the disciplinary hearing. *Id.* Kuttab allegedly waived his right to representation.

*5 The court does not need to address whether § 541.14 requires that the investigation be made available to prisoners who have waived representation. Failure to provide Kuttab a copy of the investigation does not rise to the level of a constitutional violation. Kuttab admittedly received written notice of the charges against him, which is the only information constitutionally required to be provided prior to the hearing. *See Wolff,* 418 U.S. at 564-66.

The alleged inclusion of erroneous information in the investigation therefore goes to the sufficiency of the evidence. Had the DHO based his decision solely on the erroneous evidence, which would constitute "no evidence," such a decision would be arbitrary and capricious. However, Kuttab does not allege that the DHO based his decision solely the erroneous evidence. Rather, Kuttab alleges that the DHO's decision was based, at least in part, on a positive drug test and BOP policy stating that marijuana remains in the body for more than 30 days, as discussed *supra*. Pet. at 2-3. In addition, the DHO's report, attached to Kuttab's petition, did not even mention the erroneous information in his decision, instead relying Kuttab's positive drug test and the BOP policy. Pet., App. B at 2.[FN5] Therefore, even under Kuttab's allegations, the DHO's decision was based on "some evidence," and satisfies the minimal due process requirements for prison disciplinary hearings.

   FN5. *See Kennedy,* 369 F.3d at 839.

### E. *Assistance of Counsel*

With regard to the requirement that Kuttab pursue his administrative remedies using BOP forms, rather than appeals drafted by his attorney, the court is unaware of any authority that prisoners have the right to counsel during the administrative appeals process.

### F. *Double Jeopardy Claims*

The scope of the Double Jeopardy Clause is limited to criminal prosecutions and does not apply to prison disciplinary proceedings. *United States v. Galan,* 82 F.2d 639 (5th Cir.1996). Furthermore, Kuttab admits that the incident reports related to tests given within the BOP's 30-day waiting period were expunged from the record and that no sanctions were administered. Pet. at 8, 10.

### G. *Transfers*

Kuttab's allegations regarding his transfers to the Special Housing Unit and to Big Spring fail to state a claim for which relief can be granted. A prison inmate generally has no interest of constitutional magnitude in his place of confinement. *See, e.g., Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Likewise, a prisoner has no justifiable expectation that he will remain in any particular prison, or even in any particular state.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 6
Not Reported in F.Supp.2d, 2004 WL 1944094 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

*Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

In the present case, Kuttab was transferred from a minimum security institution, Schyulkill, to a low security institution, Big Spring, following his second alleged drug infraction. Kuttab had no constitutional right to be housed in Pennsylvania, despite the "serious hardship on his wife, children, family, friends, and attorney's [sic]." Pet. at 3. A prisoner has no right to be transferred to a facility closer to his family. *See Davis v. Carlson,* 837 F.2d 1318, 1319 (5th Cir.1988).

*6 The transfers might nevertheless form the basis of a constitutional violation if they were made in retaliation. But in order to maintain a successful retaliation claim, a prisoner must show the exercise of a specific Constitutional right, a retaliatory adverse act, and causation. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir.1995). Causation requires that the prisoner show that but for retaliation, the adverse act would not have occurred. *Id.* Mere conclusory allegations will not withstand a motion for dismissal. *Id.* Instead the prisoner must produce direct evidence of motivation or allege a chronology of events from which retaliation may be inferred. *Id.*

Kuttab has neither presented direct evidence of retaliation nor alleged a chronology of events sufficient to infer retaliation for either his transfer to the Special Housing Unit or the transfer to Big Spring.FN6 Therefore, his conclusory allegations of retaliation cannot withstand respondent's motion to dismiss.

> FN6. Kuttab's allegation in his "Motion for Extension of Time," filed July 19, 2004, and in a letter to the court, made part of the record by order of August 27, 2004, dealing with actions taken after Kuttab's transfers to Fort Worth and to Seagoville, are unrelated to either the transfer to the Secured Housing Unit at Schyulkill or the transfer to Big Spring. They were not part of the petition for writ of habeas corpus and are not before the court in this action.

V.

*ORDER*

For the reasons discussed,

The court ORDERS that respondents' motion to dismiss be, and is hereby, granted, and that Kuttab's petition for writ of habeas corpus be, and is hereby, denied.

N.D.Tex.,2004.
Kuttab v. Fleming
Not Reported in F.Supp.2d, 2004 WL 1944094 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 4:04cv00286 (Docket) (Apr. 20, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.