IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PAUL HOWARD, et al., | ) ) |
| Defendants. | ) |

C. A. No. 05-102-KAJ

## STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT

COME NOW the State Defendants Paul Howard, Rick Kearney, Mike Deloy, Earl Messick, Joseph Johnson, Cpl. Fisher, Thomas Carroll, Delaware Department of Correction, Anthony J. Rendina, and Stanley Taylor ("State Defendants"), by and through the undersigned counsel, and respond to Plaintiff's Motion for Appointment of Expert [D.I. 58] as follows:

1.  The original Complaint in this matter was filed on February 22, 2005. [D.I. 1]. The Supplemental and Second Amended Complaint ("Amended Complaint") was filed on September 19, 2005. [D.I. 19]. State Defendants filed their Answer to the Amended Complaint on June 1, 2006. [D.I. 49]. There is no scheduling order in this case, no discovery has been taken, and there is no trial date.

2.  Plaintiff has requested a court appointed medical expert to address his various complaints regarding an alleged skin condition. [D.I. 58]. Plaintiff asserts: "Expert (dermatologist) should be appointed to determine extent of plaintiff's medical condition, submit evaluation stating professional opinion regarding plaintiff's lack of

medical treatment and possible future medical and other problems." *Id.* Plaintiff proposes that the court appointed expert may be called as a witness by any party. *Id.*

3. In his Motion, Plaintiff states that, as of May 23, 2006, he had not been seen for a dermatology consultation. However, he was seen by an outside dermatologist on June 19, 2006. *See* Altman Affidavit attached hereto as Exhibit A.

4. The Amended Complaint includes allegations that Defendants violated Plaintiff's Eighth Amendment rights by failing to address various specified medical issues. D.I. 19 at ¶42. However, neither the original Complaint nor the Amended Complaint references Plaintiff's alleged skin condition. A motion for appointment of an expert is not an appropriate means of adding new claims to the Amended Complaint. Thus, Plaintiff's Motion must be denied.

5. Assuming *arguendo* that Plaintiff's new medical complaints are properly before this Court, his Motion is nevertheless without merit.

6. Federal Rule of Evidence 706 provides that "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Rule 706 gives the court discretion to appoint an impartial expert witness to assist the court in evaluating complex evidence. *Ford v. Mercer County Correctional Center,* 2006 WL 714674, at *4 (3d Cir.) (attached hereto as Exhibit B). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." 29 Charles Allen Wright & Victor James Gold, *Federal Practice and Procedure: Evidence* § 6304 (1997).

7. Rule 706 is designed to provide the *court* with assistance in evaluating complex scientific evidence. It is not designed to provide a plaintiff with assistance in proving his case against a defendant. *See Tangwall v. Robb*, 2003 WL 23142190, at *4 (E.D. Mich.) (attached hereto as Exhibit C).

8. With respect to Plaintiff's medical complaints, the issue presented is whether Defendants acted with deliberate indifference to Plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1983). Allegations of medical negligence do not state a claim for a violation of the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. *See also Miller v. Williams,* 2005 WL 1353336, at *4 (D. Del.) (attached hereto as Exhibit D) (complaints based on negligent diagnosis or treatment of a medical condition do not amount to cruel and unusual punishment under the Eighth Amendment).

9. The issue of deliberate indifference to the serious medical needs of a prisoner is not so complicated and difficult that a court-appointed expert is required. *Krause v. Whitley*, 1993 WL 22381, at *3 (9th Cir.), *cert. denied,* 510 U.S. 835 (1993) (attached hereto as Exhibit E). For example, in *Krause,* plaintiff claimed that prison officials failed to diagnose or failed to refer him to a physician who could have diagnosed his brain aneurysm. *Id.* at *1. On appeal from a grant of summary judgment in favor of defendants, plaintiff argued that the district court abused its discretion in failing to appoint an expert witness under Rule 706. *Id.* at *2. The Ninth Circuit upheld the decision below, stating that plaintiff's argument was based on misapplication of a negligence standard to a claim of deliberate indifference. *Id.* at *3.

10. In *Levi v. Director of Corrections,* 2006 WL 845733, at *1 (E.D. Cal.) (attached hereto as Exhibit F), plaintiff complained about the treatment he received, or did not receive, for hepatitis C and moved for appointment of an independent expert pursuant to Rule 706. The court denied the motion, stating that the case presented the issue of deliberate indifference rather than medical malpractice. *Id.* Unlike a tort analysis, the test for deliberate indifference has a subjective component. Thus, the issue of whether prison officials displayed deliberate indifference to the inmate's serious medical needs did not require consideration of complex issues involving medical diagnosis and judgment. *Id* "The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care." *Id.* (*quoting Ledford v. Sullivan,* 105 F.3d 354, 359 (7th Cir. 1997)). *See also Ford v. Mercer County Correctional Center*, 2006 WL 714674, at *4 (upholding district court ruling that medical issues presented were not so complex as to require an independent court-appointed expert).

11. In his Motion for Appointment of Expert, Plaintiff is asserting an Eighth Amendment claim for inadequate medical care. An evaluation of whether State Defendants were deliberately indifferent to Plaintiff's serious medical needs does not require expert medical testimony. Further, under Rule 706, Plaintiff is not entitled to a court-appointed expert to assist him in advancing his claims against State Defendants. Finally, at this very early stage of the litigation, Plaintiff's Motion is premature.

WHEREFORE, for the reasons set forth herein, State Defendants respectfully request that this Court deny Plaintiff's Motion for Appointment of Expert.

                          STATE OF DELAWARE
                          DEPARTMENT OF JUSTICE

                          /s/ Eileen Kelly
                          Eileen Kelly, I.D. #2884
                          Deputy Attorney General
                          Carvel State Office Building
                          820 North French Street, 6th Floor
                          Wilmington, Delaware 19801
                          eileen.kelly@state.de.us
                          (302) 577-8400

Date: June 23, 2006               Attorney for State Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2006, I electronically filed *State Defendants' Response to Plaintiff's Motion for Appointment of Expert* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: Kevin J. Connors, Esquire.  I hereby certify that on June 23, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Shamsidin Ali, a/k/a Robert Saunders.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us