Westlaw.

Slip Copy                                                                                               Page 1

Slip Copy, 2006 WL 845733 (E.D.Cal.)
**(Cite as: Slip Copy)**

Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Arnold LEVI, Plaintiff,
v.
DIRECTOR OF CORRECTIONS, et al.,
Defendants.
**No. CIVS020910LKKKJMP.**

March 31, 2006.

Arnold William Levi, Calipatria, CA, pro se.
Maria G. Chan, California Attorney General's Office, Sacramento, CA, for Defendants.

*ORDER*
MUELLER, Magistrate J.
*1 The parties have filed a number of motions concerning the scheduling of this case and the contentious discovery process in this case, all of which are addressed below.

I. *Plaintiff's Motion For Appointment Of An Expert Witness And For A Physical Examination*

Much of this action focuses on the treatment plaintiff received, or did not receive, for hepatitis C. Plaintiff seeks the appointment of an expert witness, namely a specialist in internal medicine, and requests the court to order that he be given a physical examination. He argues he will be at a disadvantage in opposing defendants' motions for summary judgment without an evaluation provided by an expert witness.

A. *Appointment Of An Expert*

The appointment of an independent expert witness under Federal Rule of Evidence 706 is within a court's discretion. *Walker v. American Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir.1999). Appointment may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue...." *Ledford v. Sullivan,* 105 F.3d 354, 358-59 (7th Cir.1997).

What is at issue in this case is whether the defendants acted with deliberate indifference to plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1983).
Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id.* at 106. Accordingly, a court must consider the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1992), *overruled in part on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997). Deliberate indifference thus has a subjective component.

In *Ledford,* the Court of Appeal found that in light of the subjective element of deliberate indifference, there was no error in the court's refusal to appoint an independent expert.
Because the test for deliberate indifference is more closely akin to criminal law than to tort law, the question of whether the prison officials displayed deliberate indifference to Ledford's serious medical needs did not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment. The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 2

Slip Copy, 2006 WL 845733 (E.D.Cal.)
**(Cite as: Slip Copy)**

*Ledford*, 105 F.3d at 359.

Plaintiff suggests certain questions the expert should answer, questions which are more germane to a malpractice claim than to one of deliberate indifference. Under these circumstances, the court declines to appoint an expert.

### B. *Physical Examination*

*2 Under Federal Rule of Civil Procedure 35(a), a court may order a party to submit to an examination when "mental or physical condition ... is in controversy ...." upon a showing of good cause. The Supreme Court has held:
[T]he 'in controversy' and 'good cause' requirements of Rule 35 ... are not met by mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.
[T]he movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.

*Schlagenhauf v. Holder*, 379 U.S. 104, 118-19, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Plaintiff has not satisfied his burden of demonstrating good cause for the examination, for he has provided only a conclusory description of what he seeks through such an examination. The court declines to direct a physical examination.

### II. *Motion To Compel Counsel To Provide Deposition Transcript*

Plaintiff asks the court to order the Deputy Attorney General representing defendants to provide a copy of the transcript of his deposition.

Even an indigent, imprisoned litigant must bear his own costs of litigation. *Rivera v. DiSabato*, 962 F.Supp. 38, 40 (D.N.J.1997) (court cannot compel opposing party to provide deposition transcript to indigent defendant; "plaintiff's obligations, even as indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants"). Counsel has no obligation to provide a copy to plaintiff.

Plaintiff argues that he is entitled to a copy of the transcript under Fed.R.Civ.P. 5(a) because counsel filed it. He does not suggest that defendants' counsel failed to serve him with those excerpts of the transcript she used in support of her motion for summary judgment, but notes that the transcript was lodged with the court in conformance with Local Rule 5-133(j). Because the complete transcript was not filed or otherwise attached to the motion, but was lodged for use in chambers, it does not fall within the ambit of Rule 5(a).[FN1]

> FN1. Moreover, plaintiff should have received a review copy of the full deposition transcript before it was finalized, with the result that he should be familiar with the transcript's contents as a whole.

### III. *Motion To Compel Counsel To Provide Complete Documents*

Plaintiff argues that two articles attached to defendant Vong's declaration in support of Vong's motion for summary judgment are incomplete and asks the court to direct counsel to provide a complete copy or to strike the declaration. Plaintiff relies on Federal Rule of Civil Procedure 5(a). Counsel for defendant Vong counters that the articles were provided by another defendant in discovery and that plaintiff received the complete articles as part of the discovery process.

*3 Under Federal Rule of Civil Procedure 5(a), a party must serve motions and papers on the other parties. Plaintiff does not appear to dispute that he received what defendant Vong filed, but seeks the complete articles from Vong even though defendant Vong did not file them. Such production is not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 3

Slip Copy, 2006 WL 845733 (E.D.Cal.)
**(Cite as: Slip Copy)**

required by Rule 5(a).

IV. *Motion For A Stay, Motion To Vacate The Scheduling Order, Motions for Summary Judgment*

On August 19 and August 22, 2005, the defendants filed motions for summary judgment. Plaintiff has sought and received additional time in which to oppose the motions, but has not yet filed an opposition.

On November 4, 2005, plaintiff filed a motion for a stay of the proceedings, arguing that his legal materials were placed in storage when he was moved. On December 12, 2005, plaintiff noted that he had regained access to his materials, but they were in disarray and portions were missing. On February 9, 2005, plaintiff reported he had been moved to another prison and during the move, his legal materials were again thrown into disarray. Defendants have not presented anything contradicting these claims.

Although a stay is not warranted under the circumstances, it is proper to vacate the scheduling order of October 11, 2005 and to permit plaintiff an opportunity to file a meaningful response to the motions for summary judgment. To that end, the motions for summary judgment filed August 19 and August 22, 2005 are denied without prejudice. Within two weeks of the date of this order, plaintiff will be directed to notify the court of his efforts to reassemble his legal materials. Within thirty days of the date of this order, the defendants shall file notices of their intention to pursue their motions for summary judgment and may thereafter rely on their previously filed motions. Plaintiff's opposition is due within thirty days of the time the notices are filed. Plaintiff is reminded that discovery as to these defendants has concluded and the court will not entertain other discovery motions from plaintiff, whatever they are called.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of an expert witness and for a physical examination (docket no. 192) is denied.

2. Plaintiff's motion to compel counsel to provide a copy of the deposition transcript (docket no. 185) is denied.

3. Plaintiff's motion to strike defendant Vong's declaration (docket no. 192) is denied.

4. Plaintiff's motion to stay the action (docket no. 202) is denied.

5. Defendant Vong's motion to vacate the scheduling order (docket no. 204) is granted. Further dates will be set, if necessary, following resolution of motions for summary judgment.

6. The motions for summary judgment filed by defendants Vong (docket no. 170) and Perria, Gold, Featherly, Davis, Branich, Hooper, Connedy, Duwan and Peterson (docket no. 175) are denied without prejudice.

7. Within two weeks of the date of this order, plaintiff is directed to notify the court of his efforts to reassemble his legal materials.

*4 8. Within thirty days of the date of this order, the defendants may file notices of their intention to renew their motions for summary judgment and may thereafter rely on their previously filed motions. Plaintiff's opposition, if any, shall be filed within sixty days of this order.

9. Plaintiff's February 9, 2005 request for a status conference (docket no. 203) is denied as unnecessary.

E.D.Cal.,2006.
Levi v. Director of Corrections
Slip Copy, 2006 WL 845733 (E.D.Cal.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.