IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT SAUNDERS, A/K/A<br>SHAMSIDIN ALI<br><br>        PLAINTIFF<br><br>        v.<br><br>PAUL HOWARD, ET AL.<br><br>        DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-102-KAJ |



**MOTIONS FOR ENLARGEMENT OF TIME**
**AND**
**RETURN OF PROPERTY**

**COME NOW** the plaintiff, Robert Saunders a/k/a Shamsidin Ali, pursuant to Federal Rules of Civil Procedure Motions for Enlargement of Time and Return of Property. In support plaintiff represents as follows:

    1. Original complaint filed February 22, 2005, and amendment of complaint filed September 19, 2005.

    2. On June 9, 2006, Defendant, Correctional Medical Services, Inc. filed Motion to dismiss plaintiff's complaint.

    3. Plaintiff filed Motion for Appointment of Counsel on May 14, 2006 and Motion for Appointment of Expert (Dermatologist) on May 22, 2006. Ruling on both germane to prior ruling on defendant's (Correctional Medical Service, Inc.) motion.

    4. The plaintiff abruptly transferred to Delaware Correctional Center fro Sussex Correctional Institution on June 10, 2005. Personal property inventoried by property room officer, minus plaintiff's presence. The aforementioned parties determined what legal and personal property plaintiff would have. Plaintiff was placed in administrative segregation (Building 21 – B Upper #8), where housed over three months.

    5. Plaintiff's property mailed o daughter, Nicole R. Saunders, where it still remains unopened. Contained within property; legal research, publications and notes

relative to this litigation. Minus same unable to address litigation, this is prejudicial to plaintiff.

    6. It was determined in January of 2006 that the plaintiff had been suffering with Methicillin-Resistant Staphylococcus Aureus (MRSA), which went untreated for four (4) months.

    7. Plaintiff suffering constant pain in joints, bones, dried scaling abscesses, skin discoloration, scars and rashes.

    8. Plaintiff state defendants will not be prejudiced by granting motion for enlargement of time.

WHEREFORE plaintiff given until September 20, 2006 to respond to defendant's, Correctional Medical Services, Inc., Motion to Dismiss. Plaintiff's personal property will be returned to Deputy Warden Pierce.

Dated: June 23, 2006

                                                      _/s/ Shamsidin Ali_
                                                      Shamsidin Ali, 052590
                                                      A/K/A Robert Saunders
                                                      1181 Paddock Road
                                                      Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS, ) ) ) | |
| PLAINTIFF ) | |
| v. ) | CIV. NO. 05-102-KAJ |
| PAUL HOWARD, ET AL. ) | |
| DEFENDANTS ) | |

## AFFIDAVIT OF SHAMSIDIN ALI a/k/a ROBERT SAUNDERS

I, Shamsidin Ali a/k/a Robert Saunders, depose and say as follows:

1. I am the plaintiff in the above entitled action.

2. On June 10, 2005 I was transferred from Sussex Correctional Institution (SCI) to Delaware Correctional Center (DCC), where I was immediately placed in administrative segregation (Building 21-Cell Upper #8) for over three (3) months.

3. Out of plaintiff's presence, his personal property was inventoried. Plaintiff was given basics. Other property which included legal material, legal books, and items purchased from commissary sent to daughter, Nicole R. Saunders.

4. On two separate occasions, December 14, 2005 and February 27, 2006, via Deputy Warden Pierce, requested that the property be returned. The property would be inspected by Deputy Warden Pierce or designee. The property in question is permitted by this facility. In addition, legal papers, books and notes germane to this litigation.

5. Exhibits A & B support claim requested same. Each time Deputy Warden Pierce stated matter assigned to investigator. To this date, plaintiff has not received property or any response from an investigator.

6. Since September of 2005, suffered with Methicillin Resistant Staphylococcus Aureus (MRSA). Ibuema Chuks (Physician's Assistant) and Crystal Austin (Head Nurse) treated my condition as simply a spider bite, prescribing anti-fungal and cortisone

creams. It wasn't until called to infirmary by Debbie Rodweller (Nurse and Medical Grievance Officer for Correctional Medical Services) to hear grievance was extent of illness revealed. Plaintiff has towels and pieces of cloth to cover open abscesses on legs, back, arms and buttock that dripped pus and oozed blood.

7. Debbie Rodweller immediately took plaintiff to Dr. Veloso, who questioned why plaintiff's condition had been allowed to go untreated for such a length of time. Plaintiff had submitted over fifteen (15) sick call requests.

8. Dr. Veloso instructed Temeka, Certified Nurse Assistant, to secure items to perform cultures and scheduled a biopsy for the following day. Dr. Veloso commenced bactium immediately.

9. A prescription written on the same day stated that plaintiff needed to be seen by a dermatologist. Upon receiving biopsy results, seen by Dr. Roberta Burns, who confirmed MRSA. Between December of 2005 and April 26, 2006 four (4) Correctional Medical Services physicians (Veloso, Burn, Menniger and Drust) wrote orders stating that plaintiff needed to be seen by a dermatologist.

10. Each of the aforementioned physicians stated that due to lack of treatment plaintiff's condition may have progressed to include organ and bone damage. The burn on plaintiff's left arm became seriously infected and plaintiff now suffers from constant pain in joints and throughout the body.

11. On June 19, 2006, plaintiff was taken to Dr. Thomas Burke, Dermatologist, who observed that plaintiff had massive skin discoloration and dried abscesses covering 70% of his body. He also confirmed the potential for bone and organ damage. Dr. Burke injected medications into large abscesses on plaintiff's arms, legs and buttock. He prescribed ointment and follow-up treatment. He was unable to recommend any additional medication for pain and itching because plaintiff is currently taking over ten different medications for blood pressure, heart disease, gout and MRSA medication (prednisone). Plaintiff is currently suffering with pain and other discomforts.

12. Unless provided legal notes, books and research materials plaintiff will not be able to move forward with litigation.

13. Plaintiff has agreed to have Deputy Warden Pierce of designee search and inspect property. The property would be delivered to designated area by either Nicole or Robert Saunders, Jr.

Date: June 23, 2006

Shamsidin Ali, 052590
a/k/a Robert Saunders

## **CERTIFICATE OF SERVICE**

I, Shamsidin Ali a/k/a Robert Saunders, hereby certify that a copy of the aforementioned was furnished to Kevin J. Connors, Esquire, P.O. Box 8888, Wilmington, DE 19899-8888 and Eileen Kelly, Esquire, Department of Justice, Carvel State Office Building, 820 N. French Street, Wilmington, DE 19801.

By U.S. Mail this 25th day of June 2006, with sufficient postage affixed thereto.

*Shamsidin Ali*
Shamsidin Ali, 052590
a/k/a Robert Saunders

U.S. PA NEWARK JUN 23 '06
AMOUNT $1.11
UNITED STATES POSTAL SERVICE
U.S.M.

Saunders
1 Dearborn Lane
Bear, DE 19701

Clerk of the Court
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801