IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a ROBERT SAUNDERS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-102-KAJ ) |
| PAUL HOWARD, et al, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

In his Motion for Appointment of an Expert (Docket Item [D.I.] 58), pro se plaintiff Shamsidin Ali ("Ali") asserts for the first time in this lawsuit that, while incarcerated by the Delaware Department of Corrections, he contracted a Methicillin-Resistant Staphylococcus Auerus ("MRSA") infection that was allowed, without medical treatment, to spread until abscesses covered 70% of his body. (*Id.* at 2.) Ali's MRSA infection is not mentioned in his original complaint or in his amended complaint (D.I. 1, 19), and the defendants rightly contend that they should not be required to address the new MRSA contentions unless those contentions are properly pleaded. (D.I. 65 at ¶ 4.) With limited exception, Rule 15 of the Federal Rules of Civil Procedure provides that, once a responsive pleading has been filed, a party may amend a complaint "only by leave of court or by written consent of the adverse party ... ." Ali evidently wishes to make these new allegations a basis for liability, and Rule 15 requires that leave to amend "shall be freely given when justice so requires." *See also Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (In the case of a pro se plaintiff, the court should construe the complaint liberally). Leave to amend is appropriate in this instance.

Accordingly, it is hereby ORDERED that plaintiff may further amend his complaint to add allegations associated with the MRSA infection discussed in his Motion for Appointment of an Expert, such amendment, if he chooses to pursue it, to be filed no later than August 28, 2006.

_____
UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
July, 27 2006