EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS, ) ) ) ) PLAINTIFF, ) ) v. ) ) COMMISSIONER STANLEY TAYLOR, ) WARDEN RICK KEARNEY, WARDEN ) THOMAS CARROLL, DEPUTY WARDEN ) MIKE DELOY, S/LT. EARL MESSICK, ) S/LT JOSEPH JOHNSON, CAPTAIN ) C.SEGARS, ANTHONY RENDINA, PAUL ) HOWARD, CPL. FISHER, CPL. JANE ) MORGAN, IHUEMA CHUKS-PHYSICIANS ) ASSISTANT, CRYSTAL AUSTIN-NURSE ) and CORRECTIONAL MEDICAL SERVICES ) ) DEFENDANTS. ) | CIVIL ACTION NO. 05-102-KAJ TRIAL BY JURY DEMANDED |

## SUPPLEMENTAL AND THIRD AMENDED COMPLAINT

Background Allegations:

1. Plaintiff, Shamsidin Ali (a/k/a Robert Saunders) is a citizen of the United States and resident of this judicial district.

2. Plaintiff has been incarcerated at the Delaware Correctional Center (DCC) in Smyrna, Delaware since June 10, 2005.

3. Defendant Stanley Taylor is Commissioner of DOC.

4. Defendant Rick Kearney is Warden of the Sussex Correctional Institution (SCI).

5. Defendant Thomas Carroll is Warden as the Delaware Correctional Center (DCC).

6. Defendant Mike Deloy is Deputy Warden of Sussex Correctional Institution (SCI).

7. Defendant Earl Messick is Staff Lieutenant at Sussex Correctional Institution (SCI).

8. Defendant Joseph Johnson is Staff Lieutenant at Sussex Correction Institution (SCI).

9. Defendant Anthony Rendina is Director of Classification/Special Programs for the Department of Corrections (DOC).

10. Defendant Paul Howard is Adult Bureau Chief for the Department of Corrections (DOC).

11. Defendant C. Segars is Supervisor of Building 21 at Delaware Correctional Center (DOC).

12. Defendant Cpl. Fisher is Mailroom Supervisor at Sussex Correctional Institution (SCI).

13. Defendant Jane Morgan is Corporal Supervisor of the Property Department at Delaware Correctional Center (DCC).

14. Defendant Ihuoma Chuks is employed as Physician Assistant for Correctional Medical Services (CMS).

15. Defendant Crystal Austin is employed as Nurse for Correctional Medical Services (CMS).

16. Defendant Correctional Medical Systems is the medical contractor for Delaware Department of Corrections and provides medical treatment for its inmates.

17. This action arises under the FIRST, EIGHTH and FOURTEENTH AMENDMENTS of the United States Constitution, 42 U.S.C. Sections 1983 and 12132, 29 U.S.C. Section 794 and the laws of the State of Delaware. This court has jurisdiction of the action under 28 U.S.C. Sections 1331, 1343 and 1367. Venue lies in this district pursuant to 28 U.S.C. 1391.

COUNT I

18. Plaintiff incorporated herein by reference paragraph 1 through 17 hereof as of set forth in length.

19. While incarcerated at Sussex Correctional Institution, to be referred to as SCI, plaintiff was subjected to illegal censoring of legal and personal mail, minus court order of sanction imposed as result of disciplinary action. Plaintiff's outgoing and incoming personal and legal mail subjected to aforementioned, and out of plaintiff's presence.

20. While incarcerated at SCI as result of filing formal complaint with R. Thomas Wagner, State Auditor, and submitting evidence of illegal expenditures from "Inmate Commissary Fund", subjected to retaliatory actions. The plaintiff also filed complaints in reference to inmates, including plaintiff, being exposed to asbestos for numerous years. An attorney, Jennifer Kate Aaronson, Esquire visited plaintiff regarding this matter. Plaintiff was also contacted by Estaban Parra, reporter for the News Journal, concerning inmate healthcare. Plaintiff having served as HIV/AIDS & HepC Peer Educator for over 13 years and AIDS caregiver expressed concern over growing number of deaths at SCI. There were six (6) deaths in the course of three (3) years.

21. Joseph A. Hurley, Esquire expressed to Al Maseitti of the News Journal concerns about health issues and the number of inmate deaths throughout the state, and recommended contacting plaintiff. Plaintiff was contacted by Estaban Parra and completed forms concerning interviewing and photographing.

22. Defendants at SCI read incoming and outgoing mail to R.Wagner, State Auditor, Jennifer Kate Aaronson, Esquire and Estaban Parra, News Journal Reporter. Mail arriving from each of aforementioned had been opened and re-taped closed. These actions by defendants at SCI have been in practice since June 2004. Again, this process of opening and re-taping all outgoing and incoming mail was done out of plaintiff's presence.

23. Plaintiff constantly filed grievances and complaints with outside parties concerning lack of black school teachers and one black counselor; double standard applied to African-American versus Caucasian inmates in classification and disciplinary actions; and the racism directed at plaintiff and other Muslims in application of their religion. All complaints stated in this paragraph have been filed with Senator Karen Peterson, U.S. Civil Rights Commission, Civil Rights Division of the U.S. Justice Department in Washington, D.C., Delaware Department of Justice and throughout the Department of Corrections.

24. On June 9, 2005, Lt. Jim Hollis and Donna Furhman, Counselor, informed plaintiff that he had been re-classified and that he had outlived the program needs at SCI. Hence, the plaintiff was transferred June 10, 2005. Ordinarily when inmates are classified to another facility after the initial classification the process proceeds through the Multi-Disciplinary Team (MDT), then to the Institution Classification Committee (ICC), and finally the Institution Board Classification Committee (IBCC). In the plaintiffs case the process was handled in reverse and the MDT (Lt. Jim Hollis and Donna Furhman) ignored the plaintiff's medical problems, which to be addressed in Departments Salient Classification Score Factors; override factors, "Physical and/or medical limitations that could affect housing placement". It was known by aforementioned parties, plaintiff suffered with following medical problems; severe case of high blood pressure (take ten (10) medications daily), degenerated disc in back (walk with assistance of cane for over fifteen (15) years), cane prescribed by Dr. DeShuttle as result of MIR of back and legs. Plaintiff made member of MDT aware of physical problems.

25. Plaintiff is entitled to punitive damages for defendants at SCI illegally opening and censoring all legal and personal outgoing and incoming mail; and failure by classification to take into account plaintiff's medical conditions according to Department Salient Classification Score Factors.

## COUNT II

26. Plaintiff incorporates herein by reference paragraphs 1 through 25 hereof as if set forth at length.

27. DOC received Federal Financial Assistance.

28. Plaintiff has physical impairment which substantially limits one or more of his major life activities. He suffers with degenerative disc disease, chronic lesions in the left basal ganglia and left thalamus of the brain, severe blood pressure problems, suffered silent stroke, heart murmur, Achilles tendon problems and severe headaches.

29. Plaintiff under care of Dr. David Sopa, Orthopedic and Dr. Maria Ionita, Neurologist, both located in Lewes, Delaware. Plaintiff appointment scheduled late May or early June with Dr. Ionita. As result of noted complications, warmness in left elbow and limited mobility in left arm, Dr. Roberta Burns, of the Sussex Correctional

Institution, wrote order for plaintiff to be taken back to Dr. David Sopa who performed surgery. Dr. Burns also stated for David Sopa to utilize his x-ray machine as result of possible problem with same at SCI, which possibly causes plaintiff's previous x-ray to be incorrectly read at SCI.

30. Plaintiff is qualified individual with disabilities within the meaning of Americans with Disabilities Act, 42 U.S.C. Section 12132 and Rehabilitation Act, 29 U.S.C. Section 794.

31. DOC officials have refused to provide reasonable accommodations; plaintiff deprived of cane since June 10, 2005; served ice cold diet trays three times per day; assigned to second floor, which requires walking distance equivalent to a city block; and secured by waist chain and shackles for visits and interviews.

32. Since arriving at DCC, submitted eight (8) sick call requests and two medical emergency grievances to Warden Thomas Carroll concerning series of medical problems, all of which have gone ignored.

33. DOC officials have refused to assist plaintiff with walking through facility to reach destinations by denying plaintiff use of a cane despite plaintiff's constant pain.

34. DCC officials kept plaintiff locked in cell 24 hours per day except for the three (3) hours per week when the plaintiff was allowed to exercise, shower and clean room. Plaintiff housed with inmates with severe mental disorders and histories of violent behavior toward fellow inmates. DCC has failed to make reasonable accommodations for plaintiff's illnesses.

35. Defendants at DCC failure to address plaintiff's medical and physical disabilities violate the Americans with Disabilities Act and the Eighth Amendment of the United States Constitution.

36. Plaintiff is entitled to monetary damages from DOC to compensate him for its failure to make reasonable accommodations for his physical disabilities and denial of access to sick-call. In addition, the plaintiff is entitled to injunctive relief preventing further violations of his rights under the American with Disabilities Act and the Eighth Amendment of the United States Constitution.

## COUNT III

37. Plaintiff incorporates herein by reference paragraph 1 through 36 hereto as if set forth at length.

38. On September 24, 2004, plaintiff filed the original complaint in this action. If complained of his repeatedly having legal and personal outgoing mail censored. This also was an issue for Masjid Ullah, Inc.'s outgoing and incoming religious materials. By complaint sought compensatory damages.

39. The complaint named Warden Rick Kearney, Deputy Warden Mike Deloy, S/Lt. Earl Messick, S/Lt. Joseph Johnson and Cpl. Fisher.

40. In concert, the defendants infringed upon the plaintiff's First Amendment Rights as retaliation for the plaintiff's complaints about racial disparities in inmate treatment; being exposed to asbestos; improper medical care, which lead to a number of inmate deaths; improper expenditures from inmate commissary account; and religious issues.

41. Defendants Kearney, Deloy, Messick, Johnson and Fisher are jointly liable because of knowledge of campaign of infringement upon plaintiff's First Amendment Rights.

## COUNT IV

42. Plaintiff incorporates herein by reference paragraph 1 through 41 hereof as if set forth in length.

43. Plaintiff has written Warden Carroll, Captain Segars, Anthony Rendina, Paul Howard and Commissioner Taylor concerning: lack of medical attention; lack of follow-up medical appointments; address cold diets; improper housing due to physical disabilities; and being subjected to cruel and unusual punishment. The defendants failed to address any issue presented, including Defendant Morgan rifling through plaintiff's legal and personal items selecting which legal papers, books and research materials she deemed proper for plaintiff to have. The failure of defendants Taylor and Carroll to demand Correctional Medical Systems address plaintiff's medical needs.

44. Plaintiff filed series of grievances with Correctional Medical Systems for failure to address sick-call requests.

45. During September 2005, noticed pimples commence developing on various parts of body, submitted numerous sick call requests. Between September 2005 and December 2005, plaintiff was constantly seen by Ihuema Chuks, Physician's Assistant and Crystal Austin, Head Nurse, both employees of Correctional Medical Services. Both stated only had spider bites and prescribed hydrocortisone and anti-fungal creams. Between aforementioned dates developed abscesses, other sores which produce pus and blood. Chuks and Austin ignored looking at abscesses, when plaintiff displayed same.

On January 2, 2006, plaintiff called to infirmary by Debbie Rodweller, Nurse-Medical Grievance Officer, for grievance hearing. Prior to hearing showed Ms. Rodweller, the massive abscesses on buttocks and arms, had towel wrapped around buttocks to halt flow of blood and pus through pants. Immediately taken to Dr. Veloso who stated how condition went untreated so long. He immediately ordered cultures and biopsy and prescribed medication. Concurred with recommendation made by Dr. Roberta Burns in December 2005, need to be seen by dermatologist.

It was determined by test results, that plaintiff was suffering from Methicillin-Resistant Staphylococcus Aureus (MRSA) with possible complications due to lack of treatment.

Currently 70% of plaintiff's body covered with skin discoloration, dried abscesses and some type of fungus. On April 25, 2006, the plaintiff was seen by Dr. John Durst at DCC Infirmary. Dr. Durst stated that the plaintiff needed to be seen by a dermatologist. Plaintiff had experienced adverse reaction to Rifampin and Sulfameth, which had been prescribed by Dr. Menninger. Dr. Durst, stated felt have infection in organs and possible bones, which constantly in pain.

Expert (dermatologist) should be appointed to determine extent of plaintiff's medical condition, submit evaluation stating professional opinion regarding plaintiff's lack of medical treatment and possible future medical and other problems.

8

**WHEREFORE PLAINTIFF PRAYS THAT:**

1. This Court preliminarily and permanently enjoins defendants, their agents and employees from denying plaintiff medical attention and directs the defendants to make accommodations for plaintiff's physical disabilities;

2. This Court preliminarily and permanently requires defendants to provide scheduled medical appointments with Dr. David Sopa, Orthopedic and Dr. Maria Ionita, Neurologist;

3. This Court instructs defendants Taylor, Carroll and Morgan to make plaintiff's legal and personal items available in order to secure legal and other personal items entitled;

4. Plaintiff is awarded punitive and compensatory damages together with interest;

5. Plaintiff is provided comprehensive physical examination, by medical provider other than Correctional Medical Systems;

6. Based on Department's Salient Classification Score Factor of five (5) plaintiff is assigned aforementioned area; and

7. Plaintiff is awarded such other and further relief as the Court deems just.

Shamsidin Ali, SBI #052590
a/k/a Robert Saunders
DCC
1181 Paddock Road
Smyrna, DE 19977

Date: August 31, 2006

## CERTIFICATE OF SERVICE

I, Shamsidin Ali, a/k/a Robert Saunders, hereby certify that a copy of the aforementioned had been furnished to the following:

Kevin J. Connors, Esquire
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

Eileen Kelly, Deputy Attorney General
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

By U.S. Mail this 21st day of August 2006 with sufficient postage affixed thereto.

/s/ Shamsidin Ali, SBI #052590
a/k/a Robert Saunders