IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS and MASJID ULLAH, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 05-102-KAJ |
| v. | ) ) | |
| DELAWARE DEPARTMENT OF CORRECTIONS, COMM. STANLEY TAYLOR, WARDEN RICK KEARNEY, WARDEN THOMAS CARROLL, DEPUTY WARDEN MIKE DELOY, S/LT. EARL MESSICK, S/LT. JOSEPH JOHNSON, CAPTAIN C. SEGARS, ANTHONY RENDINA, PAUL MORGAN and CORRECTIONAL MEDICAL SYSTEMS, | ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., (CMS) (IMPROPERLY DESIGNATED AS "CORRECTIONAL MEDICAL SYSTEMS"), TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND REPLY TO PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, CMS, by its undersigned attorneys, hereby responds to Plaintiff's Motion for

Temporary Restraining Order and Order to Show Cause for Preliminary Injunction as well as

Plaintiff's Response to the Motion of Defendant, CMS, to Dismiss Plaintiff's Complaint as

follows:

1.   Plaintiff filed a Motion for a temporary restraining order and for injunctive relief

in this matter on November 16, 2006. (D.I. # 86)

2. Plaintiff's Motion requests that the Court order defendants to immediately provide him with access to a dermatologist, halt interference by defendants from plaintiff receiving treatment from Dr. Thomas Burke, immediately fill blood pressure and medication ordered by a neurologist and order defendants to permit a third party dermatologist to enter the prison and culture, diagnose and properly treat "MRSA" with which plaintiff was diagnosed.

3. "The grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'"[1] The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge.[2]

A plaintiff moving for injunctive relief must demonstrate: i) the likelihood of success on the merits; ii) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; iii) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and iv) the public interest will not be adversely affected by the granting of relief.[3] An **injunction** should only issue if all four factors favor relief.[4]

4. On June 19, 2006, Plaintiff was treated by Dr. Thomas J. Burke who diagnosed Prurigo nodules and drug eruption/pigmentation resolved. Intralesional Kenalog 5mg, 1cc was administered into the forearms and arms. In addition clobetasol was prescribed. Dr. Burke noted that a rash he had would resolve without treatment. Please see Dr. Burke's office note attached as Exhibit "1".

5. Plaintiff signed for receipt of Temovate ointment on: July 21, 2006; August 9, 2006; and August 16, 2006. Please refer to the Self Medication MAR attached as Exhibit "2".

---

[1] *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)(quoting *Frank's GMC Truck Ctr., Inc. v. Gen'l Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).
[2] *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.* 630 F.2d 120, 136 (3d Cir. 1978).
[3] *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995).
[4] *See S & R Corp. v. Jiffy Lube Internat'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

6. On July 17, 2006, it was noted that the lesions were healing, but were still present. Clobetasol had been provided. In addition, Plaintiff was provided treatment on September 11, 2006 and October 24, 2006 for his skin condition. It was noted on October 24, 2006 that the MRSA condition was chronic and that steroid injections provided in the past were successful. It was also noted that they have been unable to get Plaintiff in to see Dr. Burke for further evaluation. Consultation Requests for Dr. Burke have been written on October 10, 2006 and November 9, 2006. Please refer to Correctional Medical Services Inter Disciplinary Progress Notes and Consultation Request attached as Exhibit "3".

7. Plaintiff has been prescribed several medications for the treatment of his skin condition. Temorate[5] ointment was prescribed on: June 13, 2006, July 7, 2006 and October 25, 2006; Bactroban[6] cream was prescribed on September 11 and October 25, 2006; on September 11, 2006, Levaquin[7] was prescribed; and on October 25, 2006, Bactroban, Clindamycin[8] and Temovate cream were prescribed. Neurontin[9] was also prescribed on June 22, 2006 to be administered until October 22, 2006. Lastly, Prednisone[10] has also been prescribed. Please refer to Physician Orders and Medication Administration Records attached as Exhibit "4".

8. With regards to Plaintiff's demand for immediate filling of blood pressure medication, Plaintiff signed for receipt of a 120 day supplies of Lovastatin, Lasik and ECASA (aspirin) on June 22, 2006. Please refer to Self Medication MARs attached as Exhibit "5".

9. As is noted from the above, plaintiff cannot prove any set of facts that would demonstrate that injunctive relief have been satisfied he would be irreparably harmed, or that any

---

[5] Temovate is a corticosteroid for the relief of the inflammatory and pruritic manifestations of corticosteroid-responsive dermatosis. www.pharmaderm.com/physician_info/temovate/temovate.html
[6] Bactroban Cream is for the treatment of secondarily infected traumatic skin lesions. www.bactroban.com.
[7] One of the uses of Levaquin is for the treatment of skin and skin structure infections. www.levaquin.com.
[8] Clindamycin is an antibiotic that is used for bacterial infection. www.nlm.nih.gov/medlineplus/druginfo/uspdi/202145.html.
[9] Neurontin is used to treat nerve pain associated with shingles in adults. www.neurontn.com.
[10] One of the uses of Prednisone is to treat severe psoriasis. www.drugs.com/prednisone.html

of the prerequisites for the issuance of, or that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care.  In fact, Plaintiff has received regular medication and medical treatment for the conditions of which he complains.  Therefore, an injunction and temporary restraining order are not appropriate.

10. A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim.  Fed. R. Civ. P. 12(b)(6).  Even a pro se litigant must plead sufficient facts to sustain a legal claim.  See Riddle v. Mondragon, 83 F. 3d 1197, 1202 (10th Cir. 1996).  As a matter of law, plaintiff's claims against CMS must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, defendant, Correctional Medical Services, Inc., requests that this Honorable Court deny Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction as to defendant, Correctional Medical Services, Inc. and dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

**MARSHALL, DENNEHEY, WARNER, COLEMAN AND GOGGIN**

BY: ___/s/s Eric Scott Thompson, Esquire___
**KEVIN J. CONNORS, ESQUIRE (#2135)
ERIC SCOTT THOMPSON, ESQUIRE (#4633)
1220 N. Market Street, 5th Floor
Wilmington, DE  19801
Attorneys for Defendant,
Correctional Medical Services, Inc.**

DATED:  December 1, 2006
\15_A\LIAB\ESTHOMPSON\LLPG\393399\ESTHOMPSON\13252\00165

## **CERTIFICATE OF SERVICE**

I, Eric Scott Thompson, hereby certify that two (2) copies of the **RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., (CMS) (IMPROPERLY DESIGNATED AS "CORRECTIONAL MEDICAL SYSTEMS"), TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND REPLY TO PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., TO DISMISS PLAINTIFF'S COMPLAINT** have been served by electronic and first class mail upon the following:

Shamsidin Ali a/k/a Robert Saunders
SBI #052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Eileen Kelly, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: /s/ Eric Scott Thompson
    ERIC SCOTT THOMPSON #4633

DATED:  December 1, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\393399\ESTHOMPSON\13252\00165