IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 05-102-KAJ Jury Trial Requested |
| PAUL HOWARD, et al., | ) ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE AND JOINDER IN
RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL
SERVICES, INC., (CMS) TO PLAINTIFF'S TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

COMES NOW, Bureau Chief Paul Howard, Warden Rick Kearney, Deputy Warden Mike Deloy, Lt. Earl Messick, Lt. Joseph Johnson, Cpl. Jeffrey Fisher, Warden Thomas Carroll, Anthony J. Rendina, Commissioner Stanley Taylor and Officer Jane Morgan (the "State Defendants"), by and through their undersigned counsel, and hereby join and incorporate by reference the arguments relating to Plaintiff's Motion for Preliminary Injunction (D.I. 86) in CMS's Response Of Defendant, Correctional Medical Services, Inc., (CMS) To Plaintiff's Temporary Restraining Order And Order To Show Cause For Preliminary Injunction And Reply To Plaintiff's Response To Motion Of Defendant, Correctional Medical Services, Inc., To Dismiss Plaintiff's Complaint, (D.I. 90), and all papers filed in support thereof. In further support of State Defendant's Response in opposition to Plaintiff's Motion for Preliminary Injunction, the State Defendants state as follows:

1. Plaintiff Shamsidin Ali, a/k/a Robert Saunders ("Plaintiff"), is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On February 22, 2005, Plaintiff filed a complaint in this matter against some of the named defendants. (D.I. 1). Plaintiff's complaint alleged that the defendants violated his constitutional rights by opening his legal and personal mail (the "Original Complaint").

3. Approximately seven months later, on September 19, 2005, Plaintiff filed an amended complaint adding several additional defendants and new allegations (D.I. 19) (the "Amended Complaint"). In the Amended Complaint Plaintiff maintained his claims related to the opening of his mail. He also alleged that the defendants were deliberately indifferent to his medical needs. Plaintiff, however, did not make any allegations in the Amended Complaint regarding a skin condition.

4. On June 1, 2006, the State Defendants filed a timely answer to Plaintiff's Amended Complaint. (D.I. 49).

5. Two weeks after the State Defendants filed their answer, Plaintiff filed a Motion to Appoint Expert. (D.I. 58). In the Motion to Appoint Expert Plaintiff asserted for the first time that he suffers from a skin condition known as Methicillin-Resistant Staphylococcus Auerus ("MRSA"). Plaintiff requested the appointment of an expert to address and treat the MRSA. The Court ordered the Defendants to file a response to the Motion to Appoint Expert. (D.I. 62).

6. On June 23, 2006, the State Defendants filed a response in opposition to Plaintiff's Motion to Appoint Expert. (D.I. 65). In the response the State

Defendants argued, in part, that the Court should deny Plaintiff's Motion to Appoint Expert because neither Plaintiff's Original Complaint nor his Amended Complaint made any reference to an alleged skin condition.

7. The Court, in ruling on the Motion to Appoint Expert, agreed with the State Defendants and found that Plaintiff had not mentioned his alleged MRSA condition in his Original or Amended Complaint (D.I. 69) (the "July 27, 2006 Memorandum Order"). The Court further found that, "the defendants rightly contend that they should not be required to address the new MRSA contentions unless those contentions are properly pleaded." (Memorandum Order at 1). The Court denied the Motion to Appoint Expert but granted Plaintiff leave to further amend and file his complaint no later than August 28, 2006. To date, Plaintiff has not filed an amended complaint alleging a skin condition.

8. Almost three months after the Court's deadline for further amending the Complaint passed, Plaintiff filed the Motion for Preliminary Injunction. (D.I. 86) (the "Motion"). By the Motion Plaintiff requests that the Court order the Defendants to provide him with access to a dermatologist, halt interference with his receipt of certain prescribed treatment, fill his blood pressure and other medication ordered by a neurologist, and permit a dermatologist to enter the prison to treat him.

9. On September 13, 2006, this Court ordered the State Defendants to file a response to the Motion. (D.I. 89). This is State Defendants' Response in Opposition to the Motion for Preliminary Injunction.

### I.  Plaintiff Has Failed To Properly Plead A Claim Regarding His Alleged Skin Condition.

10. As the Court found in the July 27, 2006 Memorandum Order the Plaintiff has failed to properly plead a claim regarding his alleged skin condition. Therefore the State Defendants should not be obligated to respond or address any allegations or charges regarding his request for treatment of an alleged skin condition. Plaintiff's Motion is not the appropriate means for amending the Complaints. Therefore the Motion, to the extent it raises allegations regarding the skin condition, should be denied.

### II.  Plaintiff Cannot Satisfy His Burden For Injunctive Relief.

11. Assuming *arguendo* that Plaintiff's new medical complaints are properly before this Court, Plaintiff still cannot meet his burden for injunctive relief and the Motion should be denied. Further, to the extent Plaintiff's Motion raises claims regarding his other medical conditions, Plaintiff cannot meet his burden for injunctive relief as to those claims.

12. A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

13. The Third Circuit holds that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction

should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

14. To obtain a preliminary injunction Plaintiff must satisfy all four factors. If he cannot prove that he has a likelihood of success on the merits of his deliberate indifference claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

### A. Plaintiff is not likely to succeed on the merits of his deliberate indifference claims.

15. To demonstrate a likelihood of success on the merits of a claim for deliberate indifference pursuant to 42 *U.S.C.* § 1983 a plaintiff must first prove that the defendant had personal involvement in the alleged wrongs he received. Second, he must demonstrate that his claims are likely to meet the test for deliberate indifference.

#### 1. The State Defendants are not personally involved in Plaintiff's medical treatment.

16. To establish a civil rights claim under 42 *U.S.C.* § 1983 a plaintiff must prove that, (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). To support a claim for a civil rights violation a plaintiff must show that the defendant had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff must prove that the accused official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981). Further,

"[g]rievances are not enough to impute knowledge to [a] defendant." *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208)).

17. The State Defendants are not involved in the medical treatment that Plaintiff receives. Moreover Plaintiff's medical grievances are not sufficient to impute knowledge or personal involvement to the State Defendants. *See Brookins*, 402 F.Supp.2d at 512 (quoting *Rode*, 845 F.2d at 1208)). The State Defendants are not personally involved in Plaintiff's alleged claims. Therefore the Plaintiff is not likely to succeed on the merits of his § 1983 deliberate indifference action against the State Defendants and the Motion should be denied.

### 2. The State Defendants have not been deliberately indifferent to Plaintiff's medical needs.

18. Assuming, *arguendo*, that Plaintiff can demonstrate that the State Defendants are personally involved in his medical treatment, Plaintiff must also show that he is likely to succeed on the merits of a deliberate indifference claim. For the reasons stated in CMS's Response to Plaintiff's Motion for Preliminary Injunction, Plaintiff is receiving proper treatment, care and medication. Therefore Plaintiff cannot demonstrate a cognizable claim of deliberate indifference to his medical needs and the Motion should be denied.

- 7 -

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Preliminary Injunction.

           **DEPARTMENT OF JUSTICE**
           **STATE OF DELAWARE**

           */s/ Erika Y. Tross*
           Eileen Kelly (#2884)
           Erika Y. Tross (#4506)
           Deputy Attorneys General
           Carvel State Office Building, 6th Floor
           820 N. French Street
           Wilmington, DE  19801
           (302) 577-8400
           Attorney for the State Defendants

Dated: December 1, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>PAUL HOWARD, et al., )<br><br>Defendants. ) | C. A. No. 05-102-KAJ<br>Jury Trial Requested |

## ORDER

Upon the Plaintiff's Motion For Preliminary Injunction (D.I. 86), and the State Defendants' Response And Joinder In Response Of Defendant, Correctional Medical Services, Inc., (CMS) To Plaintiff's Temporary Restraining Order And Order To Show Cause For Preliminary Injunction (D.I. 90); and it appearing that good and sufficient notice of Plaintiff's Motion and the State Defendants' Joinder and Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Preliminary Injunction is **DENIED**.

SO ORDERED this _____ day of _____, 2006.

_____
The Honorable Kent A. Jordan
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on December 1, 2006, I caused a true and correct copy of the attached *State Defendants' Response And Joinder In Response Of Defendant, Correctional Medical Services, Inc., (CMS) To Plaintiff's Temporary Restraining Order And Order To Show Cause For Preliminary Injunction* to be served on the following individuals in the form and manner indicated:

**VIA FIRST CLASS MAIL:**
Inmate Shamsidin Ali a/k/a Robert Saunders
SBI # 052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977


**VIA ELECTRONIC DELIVERY:**
Kevin J. Connors, Esq.
Eric S. Thompson, Esq.
Marshall, Dennehey, Warner
  Coleman & Goggin
1220 N. Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400