IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHAMSIDIN ALI, a/k/a/ ROBERT       )
SAUNDERS,                          )
                                   )
            Plaintiff,             )
                                   )
                                   )
    v.                             )    Civil Action No. 05-102-KAJ
                                   )
                                   )    FILED
                                   )
PAUL HOWARD, et al,                )
                                   )    DEC 0 4 2006
            Defendants.            )

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
A PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER

COME NOW the plaintiff, hereby submit memorandum in support

of motion for a preliminary injunction and/or temporary restraining

order. ("PI/TRO").  In support of his position plaintiff represent

as folows:

    1.  Shamsidin Ali, a/k/a/ Robert Saunders ("Plaintiff")

is an inmate presently incarcerated at the Delaware Correctional

Center, Smyrna, DE  19977.

    2.  On November 21, 2006 there was ("Order") signed by

Honorable Kent A. Jordan for defendants to repond by December 1,

2006.  This is plaintiff's memorandum in support of his request

for ("PI/TRO")?

    3.  In plaintiff's motion for a PI/TRO he's requesting the

Court to enjoin the defendants "from interfering with plaintiff's

medical treatment and providing prescribed medication in ordered

manner.

    4.  "A party seeking a preliminary injunction has the burden

of demonstrating (1) a reasonable likelihood of sucess on the

merits; (2) irreparable harm caused by denial of the requested

relief;... (3) the issuance of the injunction will not result
in greater harm to the non-moving party"; and (4) that the injunction
will be in the public interest.  See Pappan Enterprises, Inc. v.
Hardee's Food System, Inc. 143 F.3d 800, 803 (3d Cir. 1998).  A
plaintiff has the burden of proving a "clear showing of immediate
irreparable injury, which the plaintiff has clearly shown".
Continental Group, Inc. Amoco Chemical Corp., 614 F. 2d 351, 359
(3d Cir. 1980).  The "requisite feared injuray or harm must be
irreparable--not merely serious or substantial" and "it must be
of a peculiar nature, so that compensation in money cannot atone
for it, in plaintiff's case the injury could result in his death."
Glasco v. Hills, 558 F.2s 179, 181 (3d Cir. 1977).

    5.  In his motion, plaintiff present specific allegatins to
state a clear nexus between the named defendants and the actions
stated and clearly state claim irreparable injury.

        Plaintiff has demonstrated that he has suffered irreparable
harm as he is not provided immediate medical attention and provided
various blood pressure and other medications immdiately, mover-
over denying the relief enumerated in plaintiff's motion will
result in a greater harm too plaintiff, and not result in greater
harm to the defendants regarding safety and security concerns.  Plaintiff's
motion for injunctive relief; therefore, should be granted.

        WHEREFORE, for the hereinabove listed reason, plaintiff re-
spectfull request this Honorable Court grant plaintiff's motion for
preliminary injunction and/or temporary restraing order.

SHAMSIDIN ALI
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE   19977

DATED:   December 4, 2006


CERTIFICATE OF SERVICE

I HEREBY CERTIFY, copy of the aforementin was furnished
Kevin J. Connors, Esquire, 1220 N. Market St., 5th Floor, Wilm,
De 19801, and Eileen Kelly, Deputy Attorney General, Department
of Justice Carvel State Office Building, 820 N. French Street,
Wilmington, DE   19801.

By U.S. Mail this 4th day of December 2006 with sufficient
postage affixed thereto.

SHAMSIDIN ALI

I/M  Shamsidin Ali

SBI#  052590       UNIT  S

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

WILMINGTON DE 197

02 DEC 2006 PM 3 L

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building

844 N. King Steeet

Wilmington, DE

19801