IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a ROBERT SAUNDERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL HOWARD, et al., )<br>)<br>Defendants. ) | Civil Action No. 05-102-KAJ |

## MEMORANDUM ORDER

I. **BACKGROUND**

On November 16, 2006, pro se plaintiff Shamsidin Ali ("Ali"), an inmate at the Delaware Correctional Center, filed a Motion for Temporary Restraining Order. (D.I. 86; the "Motion.") Ali seeks injunctive relief for medical treatment and diagnosis for the medical condition Methicillin Resistant Staphylococcus Aureus ("MRSA"). I ordered defendants to respond to the allegations, and responses were filed with medical records and reports attached as exhibits. (D.I. 90, 91, 92, 93.) For the reasons that follow, I will deny the Motion.

II. **STANDARD**

To obtain a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial of injunctive relief will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997).

## III.  DISCUSSION

When Ali filed a Motion for Appointment of Expert (D.I. 58) on June 13, 2006, he asserted for the first time that he contracted MRSA while incarcerated and that he did not receive medical treatment until the condition covered a large percentage of his body. In my order dated July 27, 2006, I noted that Ali had not mentioned MRSA in either his complaint or amended complaint. (D.I. 69.) I further stated that "the defendants rightly contend that they should not be required to address the new MRSA contentions unless those contentions are properly pleaded." *Id.* I gave Ali leave to amend to add allegations associated with the MRSA infection to be filed no later than August 28, 2006. *Id.* To date, Ali has not filed an amendment to add the MRSA infection allegations. Nonetheless, he seeks injunctive relief on the MRSA issue.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Krouse v. American Sterilizer Co.*, 126 F.3d 494 n.1 (3d Cir. 1997) (quoting *Williams v. New Castle County*, 970 F.2d 1260, 1265-66 (3d Cir. 1992)) (other citations omitted.) Even though a complaint's allegations are construed favorably to the pleader, the court will not read causes into a complaint when they are not present. *Id.* Here, Ali was given fair notice of his failure to plead MRSA allegations and he was given ample opportunity to amend his pleadings, yet he failed to do so.

Ali cannot not meet the requisites for injunctive relief since he has failed to demonstrate a likelihood of success on the merits. Indeed, he has failed to state any claim based upon the MRSA infection. Accordingly, I need not address Ali's motion for injunctive relief since at no time has he pleaded a claim based upon the MRSA

infection. *See Parker v. University of Pennsylvania*, No. 02-CV-567, 2004 WL 2004099 n.4 (E.D. Pa. Aug. 16, 2004).

## IV.    CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED this 12th day of December, 2006, that the Motion for Temporary Restraining Order is (D.I. 86) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE