IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHAMSIDIN ALI, a/k/a/ ROBERT SAUNDERS, )
)
)
Plaintiff, )
)
v. ) Civil Action No. 05-102-MPT
)
PAUL HOWARD, et al., )
)
Defendants. )

REQUEST FOR ADMISSIONS

FILED
DEC 27 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Pursuant to Rule 36, Fed. R. Civ. P. plaintiff request that defendant Thomas Carroll [So scanned] Make the following admissions within 30 days after the service of this request:

1. Plaintiff arrived at this facility from Sussex Correctional Institution ('SCI'),

2. Placed in Building 21 (upper #8) maximum security.

3. The plaintiff arrived, walking with assistance of cane.

4. Exercise for inmates housed in building, consist of three hours per week.

5. Inmates housed in building 21, not permitted canes.

6. Within building 21, each housing unit has one handicapped cell.

7. Total time plaintiff housed in building 21, fed in cell over 4 months.

8. Inmates housed in building 21 fed in cell by correctional staff.

9. Plaintiff arrived from SCI, with 8 points, according to classification salient scoring system.

10. Upon arrival from SCI, within plaintiffs records were no indication transferred of disciplinary reasons.

11. You order plaintiff placed in building 21.

12. Approval by initial classification team to maximum security unit, approved by you.

13. Within Department of Corrections Classification System, is provision for classification override?

14. Upon arrival at DCC, plaintiff's medical records accompanied.

15. According to plaintiff's initial classification (June 13, 2005), RA score: Observation.

16. Where you informed plaintiff placed in building 21 and reason.

17. Prior arrival DCC, plaintiff housed at SCI 10 years.

18. Plaintiff required walk distance of city block, to visiting room, secured by waist chain and leg shackles.

19. The department of corrections does not have written policy for housing physically incapacitated inmates at DCC.

20. Prior moving from one housing unit to another, inmates physical problems not reviewed or part of any record.

21. Between January 2005 and December 22, 2006, there was outbreak of Methicillin-Resistant Staphylococcus Aureus (MRSA).

22. Plaintiff was diagnosed with MRSA.

23. You are familiar with management of methicillian-resistant staphylococcus aureus infection (Federal Bureau of Prisons – Clinical Practice Guidelines, August, 2005).

24. Did medical contractors, advice you of increase in MRSA CASES.

25. Are all housing units at DCC in compliance with "Americans with Disabilities Act" standards?

26. Inmates in wheelchairs, crutches, canes and aged inmates, required to stand-in rain, snow, cold and extremely hot weather in order to go to mess hall.

27. As result of MRSA outbreak, housing units were routinely cleaned with an Environmental Protection Agency (EPA) registered disinfectant.

28. Inmates assigned wheelchairs, depend on other inmates, too assist in getting too various destinations.

29. Security chiefs never advise of MRSA problems at this facility.

30. Plaintiff has series of medical illnesses.

31. on several occasions, via letters, grievances informed of plaintiff's medical problems.

32. You refused to hear non-medical emergency grievances.

33. Aware hot food constantly not served in building 21.

34. Inmates diagnosed with MRSA infections were examined by a clinician to determine their risk of contagion to others.

35. Medical contractors do not inform Warden, deputy Warden or Security Chiefs, need for inmates to receive out of institutions services.

36. Failure to provide proper housing to plaintiff based on medical issues, present a substantial risk of permanent disability.

37. Plaintiff was interviewed here by New Journal reporters, shortly after being transferred too this facility.

38. On September 8, 2006 received correspondence from Glen c. Pruitt, Associated Executive Director – Delaware HIV Consortium, addressing lack of hospice program.

39. Under Title 11 Section 3536(e) inmates entitled hospice care.

40. You ignored emergency medical grievances sent by plaintiff.

41. There is no longer outside agency, providing grievance monitoring services.

42. Plaintiff housed in building 21 (upper #8), with inmate suffering severe mental disorders over two months.

*Shamsidin Ali*, 052590

Shamsidin Ali, 052590

1181 Paddock Road – DCC

Smyrna, DE 19977

## CERTIFICATE OF SERVICE

I HEREBY CERTY COPY of aforementioned furnished Kevin J. Connors, Esquire, P.O. BOX 8888, Wilm., DE 19899-8888, and Elieen Kelly, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 N. French St., Wilm, DE 19801. By U.S. Mail this 22nd day of December 2006 with sufficient postage affixed thereto.

*Shamsidin Ali*

Shamsidin, Ali, 052590



IM: Gilbert Saunders
SBI# 052590   UNIT S
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

DEC 27 2006

Clerk of the Court
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington DE
19801

WILMINGTON DE 197
26 DEC 2006 PM 3 L

Legal Mail