IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 05-102-*** |
| PAUL HOWARD, et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANT STAN TAYLOR'S**
**RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Pursuant to Rule 36, Fed.R.Civ.P. Defendant Stan Taylor responds to Plaintiff's Request for Admissions as follows:

1.  Between January 2005 and December 2006 was outbreak of Methicillin-Resistant Staphylococcus Aureus (MSRA) at Delaware Correctional Center ("DCC").

    **RESPONSE:** Objection. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

2.  Plaintiff contacted via mail concerning lack of treatment by medical provider concerning lack of treatment for MRSA on number of occasions.

    **RESPONSE:** See Response to Request No. 1.

3.  Each facility within Delaware Department in compliance with standards set by American Disabilities Act.

    **RESPONSE:** Objection. This Request seeks a legal conclusion.

    4.    Department of Corrections has administrative procedures governing housing inmates with physical disabilities.

    **RESPONSE:** Denied

    5.    Department of Corrections has administrative procedures governing transporting inmates with physical disabilities.

    **RESPONSE:** Denied.

    6.    You ordered transfer of plaintiff from Sussex Correctional Institution ("SCI").

    **RESPONSE:** Denied.

    7.    Plaintiff brought to your attention issues concerning improper expenditure from inmate commissary account at SCI.

    **RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

    8.    Plaintiff instituted investigation by Civil Rights Division U.S. Justice Department while housed at SCI.

    **RESPONSE:** Denied.

    9.    Plaintiff contacted Robert Wagner State Auditor concerning questionable expenditures from inmate commissary account at SCI.

    **RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

    10.    Inmates assigned building 21 – DCC provided three (3) hours exercise per week.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

11. Inmates housed in building 21 – DCC fed in their cells.

**RESPONSE:** Admitted.

12. When inmates depart building 21 – DCC secured with waist chains and leg shackles.

**RESPONSE:** Admitted.

13. Plaintiff suffers with various medical disabilities.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

14. Plaintiff walks with assistance of cane.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

15. Canes not permitted in building 21 – DCC.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

16. Plaintiff's medical records accompanied him when transferred from SCI.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

17. You are familiar with management of methicillian-resistant staphyloccus aureus infection (Federal Bureau of Prison – Clinical Practice Guidelines, August, 2005)

**RESPONSE:** See Response to Request No. 1.

18. Warden Thomas Carroll – DCC informed you of outbreak of MRSA.

**RESPONSE:** See Response to Request No. 1.

19. Inmates assigned DCC required to utilize wheelchairs, canes, crutches, required to wait in rain, snow and extremely hot weather prior going to mess hall.

**RESPONSE:** See Response to Request No. 1.

20. Inmates assigned wheelchairs required to depend on other inmates in going to various points within DCC.

**RESPONSE:** See Response to Request No. 1.

21. Plaintiff was assigned upper #8 total time house in building 21 at DCC.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

22. Within building 21 DCC is a handicapped cell.

**RESPONSE:** Admitted

23. You were aware plaintiff being constantly fed cold food while housed in building 21.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

24. Inmates physical conditions not considered when transferred from one housing unit to another.

**RESPONSE:** Denied.

24.[1] Correctional Medical Systems advised your office of MRSA outbreak at DCC.

**RESPONSE:** See Response to Request No. 1.

---

[1] Plaintiff has two admissions designated as #24.

25. You would sanction correctional staff fabricating rule infractions on inmate.

**RESPONSE:** Staff discipline is managed at the respective institutions unless the penalty is dismissal, in which case I would review the matter.

26. Plaintiff requested be permitted hire polygraph examiner minus any cost to department.

**RESPONSE:** See Response to Request No. 1.

27. You can authorize inmate to have polygraph examination conducted within departments facilities.

**RESPONSE:** See Response to Request No. 1.

28. Plaintiff transferred from SCI for disciplinary reasons.

**RESPONSE:** Defendant is without sufficient information to admit or deny the allegations set forth in this Request.

29. The department does not have written policy for housing physically incapacitated inmates.

**RESPONSE:** Defendant is without sufficient information to admit or deny the allegations set forth in this Request.

30. The department has within facilities hospice program according Title 11 Section 3536(c).

**RESPONSE:** Objection. 11 *Del. C.* § 3536(c) does not address hospice programs.

31. There no longer outside agency providing monitoring for inmate grievance system.

**RESPONSE:** Objection. This Request is vague and overly broad.

32. Plaintiff housed at SCI ten (10) years.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

33. If classified plaintiff could return to SCI with same security classification status.

**RESPONSE:** Objection. Defendant does not understand this Request.

34. Plaintiff been incarcerated thirty (30) years.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

35. There exist disparity in application in classification of black and white inmates.

**RESPONSE:** Objection. This Request is vague and overly broad. Without waiving this objection, denied.

36. There is not one black inmate serving either life or life without parole sentences working in "Concrete Design Systems" at DCC.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

37. The majority of manual inmate jobs held by minority inmates at DCC and SCI.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

38. Plaintiff has been constant advocate for minority inmate rights.

**RESPONSE:** Defendant is without sufficient knowledge to admit or deny the allegations set forth in this Request.

                **STATE OF DELAWARE**
                **DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400

Date: February 2, 2007        Attorney for Defendants

## *CERTIFICATE OF SERVICE*

I hereby certify that on February 2, 2007, I electronically filed *Defendant Stan Taylor's Response to Plaintiff's Request for Admissions*. I hereby certify that on February 2, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Shamsidin Ali, a/k/a Robert Saunders
SBI#052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

 

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, ID#2884
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us