IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C. A. No. 05-102-*** |
| PAUL HOWARD, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANT ANTHONY RENDINA'S
RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Anthony Rendina responds to Plaintiff's Interrogatories as follows:

1. Plaintiff appealed disciplinary proceeding to you.

**RESPONSE:** Objection. This Interrogatory is vague. Plaintiff does not specify which disciplinary proceeding is referenced. To the extent that Plaintiff is referencing the December 12, 2005 disciplinary report prepared by Officer Jane Morgan, this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. There are no allegations pertaining to the December 12, 2005, disciplinary report presented in the Complaint.

2. Explain the manner in which you investigated issues on appeal.

**RESPONSE:** See Response to Interrogatory No. 1.

3. How did you determine appeal was without merit and stated concur with the decision of hearing officer.

**RESPONSE:** See Response to Interrogatory No. 1.

    4.    Why didn't you address issue raised by plaintiff in appeal denied legal counsel. (Joseph Hurley)

**RESPONSE:** See Response to Interrogatory No. 1.

    5.    Under what circumstances is plaintiff to have polygraph examination at Delaware Correctional Center minus any cost to the department.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory seeks a legal conclusion.

    6.    Why did you refuse plaintiff's request to have polygraph examination conducted at the Delaware Correctional Center minus any cost to the department.

**RESPONSE:** See Response to Interrogatory No. 1.

    7.    When inmate cited for rule infraction explain when is the officer required to complete write-up of the incident minus there need to investigate same.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory is vague and overly broad. Further objection that Defendant does not understand this Interrogatory. Without waiving these objections, to the extent that Plaintiff is asking within what time frame a write-up must be completed at Delaware Correctional Center, there is no written procedure or policy specifying a time frame.

8. Specify names of all staff or other consulted concerning alleged rule infraction by plaintiff.

**RESPONSE:** See Response to Interrogatory No. 1.

9. Detail all evidence reviewed concerning plaintiff's rule infraction.

**RESPONSE:** See Response to Interrogatory No. 1.

10. Expound how you concurred with hearing officers decision minus there being any physical evidence.

**RESPONSE:** See Response to Interrogatory No. 1.

11. Outline how your based upholding guilt based only on correctional officer's testimony.

**RESPONSE:** See Response to Interrogatory No. 1.

12. What is total number of inmate appeals were conducted investigation.

**RESPONSE:** Objection. Defendant does not understand this Interrogatory. Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory is vague, overly broad and unduly burdensome. Further objection that this Interrogatory seeks production of information protected from discovery by 11 *Del.C.*§4322.

13. Explain how could make independent decision concerning appeal with failing to investigate.

**RESPONSE:** See Response to Interrogatory No. 1.

14. Explain procedure for inmate securing outside legal counsel to represent at disciplinary hearing.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory is vague and overly broad. Without waiving these objections, there is no written policy or procedure at Delaware Correctional Center for "securing" outside legal counsel in the disciplinary process.

15. How would successful passing polygraph examination be utilized by yourself which in fact showed correctional staff lied concerning rule infraction.

**RESPONSE:** See Response to Interrogatory No. 1.

16. Why did you denied plaintiff's request have disciplinary hear stayed until plaintiff could take polygraph examination.

**RESPONSE:** See Response to Interrogatory No. 1.

17. Cite number of appeals handled were you found correctional staffed lied about the incident.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory is vague, overly broad and unduly burdensome. Further objection that this Interrogatory seeks production of information protected from discovery by 11 *Del.C.*§4322.

18. When hearing appeal outline procedure for hearing case.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Without waiving this objection, Defendant responds as

follows: I receive notice of the filing of disciplinary appeals electronically. Upon receiving the notice I review on the DOC electronic database, the disciplinary report, the Notice of Disciplinary Hearing (record of the "preliminary hearing"), the hearing Officer's record and the inmate's appeal. If additional information is needed, I may request it from the institution.

19. How many other inmates have requested either polygraph examination or private counsel for disciplinary hearings.

**RESPONSE:** See Response to Interrogatory No. 17.

20. As result of finding of guilt and upholding same by your self state all privileges plaintiff denied.

**RESPONSE:** See Response to Interrogatory No. 1.

21. Explain time frame accusing correctional staff has to submit alleged rule infraction.

**RESPONSE:** See Response to Interrogatory No. 7.

22. Explain purpose of #404 Form.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Without waiving this objection, Defendant responds as follows: The Form 404 is usually referred to as an Incident Report. It's a document in which the staff details any type of incident they either observed or became aware of in some manner. Any incident may be noted on this form including but not limited to institutional misconduct violations.

23. Isn't it a fact there was not one piece of evidence reviewed by you concerning plaintiff's appeal.

**RESPONSE:** See Response to Interrogatory No. 1.

24. Your decision to uphold disciplinary based on their report and correctional staff testimony.

**RESPONSE:** See Response to Interrogatory No. 1.

25. Explain procedures to be utilized where plaintiff's private counsel indicated willingness to represent minus any cost to the department.

**RESPONSE:** Objection. This Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that Defendant does not understand this Interrogatory. Without waiving these objections, see Response to Interrogatory No. 14.

> STATE OF DELAWARE
> DEPARTMENT OF JUSTICE
>
> /s/ Eileen Kelly_____
> Eileen Kelly, I.D. #2884
> Deputy Attorney General
> Carvel State Office Building
> 820 North French Street, 6th Floor
> Wilmington, Delaware 19801
> (302) 577-8400
> Attorney for Defendant
>
> Anthony Rendina

Dated: March 21, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on March 21, 2007, I electronically filed *Defendant Anthony Rendina's Response to Plaintiff's Interrogatories*. I hereby certify that on March 21, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Shamsidin Ali, a/k/a Robert Saunders
SBI#052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

           **STATE OF DELAWARE**
           **DEPARTMENT OF JUSTICE**

           /s/ Eileen Kelly
           Eileen Kelly, ID#2884
           Deputy Attorney General
           Department of Justice
           820 N. French St., 6th Floor
           Wilmington, DE 19801
           (302) 577-8400
           eileen.kelly@state.de.us