IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHAMSIDIN ALI, a/k/a Robert )
Saunders, and MASJID ULLAH, )
INC., )
                             )
        Plaintiffs, )
                             )
    v. ) Civ. No. 05-102-***
                             )
PAUL HOWARD, et al., )
                             )
        Defendants. )

FILED MAR 30 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## MEMORANDUM ORDER

At Wilmington this 30th day of March, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel is **denied** without prejudice. (D.I. 47.) Plaintiff previously sought, and was denied, appointed counsel. (D.I. 13, 22.) The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's

claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

2. In the present case, plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. He is receiving the necessary discovery. Finally, while there is a medical needs issue, at this time it is not clear that expert testimony is necessary.

3. Plaintiff's request for entry of default is **denied**. (D.I. 51.) Plaintiff seeks entry of default against all defendants. A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter. . .the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. See Francis v. Joint Force Headquarters Nat'l Guard, Civ. No. 05-4882(JBS), 2006 WL 2711459 (D.N.J. Sept. 19, 2006). A review of the record reveals that all defendants timely answered or otherwise appeared in the case and that entry of default is not warranted

4. Plaintiff's motion for appointment of expert is **denied** without prejudice as

2

premature. (D.I. 58.) Defendant CMS' motion to join the State defendants' response to motion for expert is **granted**. (D.I. 66.) Rule 706 provides that the trial judge has broad discretion to appoint an independent expert answerable to the court, whether sua sponte or on the motion of a party. Ford v. Mercer County Corr. Ctr., Nos. 03-3758, 03-4524, 2006 WL 714674, at *4 (3d Cir. Mar.22, 2006). The policy behind the rule is to promote the jury's factfinding ability. Id. (citations omitted). See Ledford v. Sullivan, 105 F.3d 354, 359-60 (7th Cir.1997) (jury could comprehend whether plaintiff's medical needs were "serious" without the aid of a court-appointed expert). At this stage of the proceedings it is not clear that expert testimony is necessary.

5. Plaintiff's motion to hire expert is **denied**. (D.I. 59.) Plaintiff wishes to hire a polygraph examiner regarding an alleged false disciplinary charge. Plaintiff was found guilty and his appeal was denied. Plaintiff contends the disciplinary infraction goes to the issue of retaliation for filing this lawsuit. It is unclear if plaintiff is the person to undergo the examination or if defendant Jane Morgan ("Morgan') is the person to be examined. The motion indicates that his family will pay the costs for counsel and the polygraph examination. Nonetheless, plaintiff has other means of discovery available to him, and the motion is denied.

6. Plaintiff's motion for enlargement of time to respond to CMS' motion to dismiss is **granted**. (D.I.67.) Plaintiff is given thirty days from the date of this order to respond to CMS' motion to dismiss filed June 14, 2006, and found at D.I. 60.

7. Plaintiff's motion for return of property is **denied**. (D.I. 67.) This motion was filed with a motion for enlargement of time and the clerk's office inadvertently failed to

docket the motion for return of property. Plaintiff was transferred to Delaware Correctional Center ("DCC") from Sussex Correctional Institution ("SCI") and at that time his personal property was inventoried without plaintiff being present. Plaintiff's property was packaged and mailed to his family and he would like to have the property returned to him at the prison. Plaintiff is willing to have the property inspected by prison officials before it is returned to him. (D.I. 126.) Plaintiff was advised by counsel for State defendants to have his legal paperwork mailed to him, and he was referred to applicable inmate housing rules as to other items that may be mailed to the institution.

8. The motion seeks relief on an issue that is outside the purview of the court. "[M]aintaining institutional security and preserving internal order and discipline" are the central goals of prison administration. Bell v. Wolfish, 441 U.S. 520, 546 (1979). Hence, prison rules and regulations determine what an inmate may keep in his cell.

9. CMS' motion for protective order is **denied**. (D.I. 104.) Argument was had on the motion during the court's January 8, 2007 teleconference. At that time, the court orally denied the motion.

10. CMS' motion to strike plaintiff's request for admissions direct to Ihuoma Chucks ("Chucks") is **granted**. (D.I. 105.) Rule 36 of the Federal Rules of Civil Procedure provides that a party may serve upon any other party a written request for admissions. Chucks is not a party to this action. Plaintiff's request for admission directed to Chucks is stricken.

11. Plaintiff's motion for an order compelling discovery is **denied**. (D.I. 117.) Plaintiff moves to compel Chucks to answer requests for admissions served upon him

4

by plaintiff. Chucks is not a party to this action and has no duty to respond. See Fed. R. Civ. P. 36.

12. Plaintiff's motion for an order compelling discovery is **denied**. (D.I. 118.) Plaintiff filed a request for production of documents upon CMS on December 6, 2006. (D.I. 96.) On February 12, 2007, the court entered an order and granted CMS an extension of time up to and including February 28, 2007 to respond to the discovery request. (D.I. 120.)

13. Defendants' joint motion for leave to depose plaintiff is **granted**. (D.I. 131) Defendants seek leave pursuant to Fed. R. Civ. P. 30(a)(2) to depose plaintiff, an incarcerated individual. Defendants shall have the right to depose plaintiff.

                                                Honorable Mary Pat Thynge
                                                U.S. Magistrate Judge