# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     C. A. No. 05-102-KAJ |
| | ) |
| PAUL HOWARD, et al., | ) |
| | ) |
| Defendants. | ) |

### STATE DEFENDANTS' ANSWER TO
### THE THIRD AMENDED COMPLAINT

COME NOW the State Defendants Paul Howard, Rick Kearney, Mike Deloy, Earl Messick, Joseph Johnson, Cpl. Fisher, Thomas Carroll, Anthony J. Rendina, Stanley Taylor and Jane Morgan ("State Defendants"), by and through the undersigned counsel, and hereby answer the Third Amended Complaint [D.I. 135]:

1.     Admitted.

2.     Admitted.

3.     Denied.

4.     Denied.

5.     Admitted that, as of the date of the filing of this Answer, Defendant Thomas Carroll is the Warden at Delaware Correctional Center ("DCC").

6.     Denied.

7.     Admitted that, as of the date of the filing of this Answer, Defendant Earl Messick is a Staff Lieutenant at Sussex Correctional Institution ("SCI").

8.     Admitted that, as of the date of the filing of this Answer, Defendant Joseph Johnson is a Staff Lieutenant at SCI.

9.     Admitted that, as of the date of the filing of this Answer, Defendant Anthony Rendina is the Inmate Classification Administrator for the Bureau of Prisons, Department of Correction.

10.    Denied.

11.    Denied.[1]

12.    Admitted that, as of the date of the filing of this Answer, Defendant Fisher is a Correctional Corporal at SCI.  Denied that Defendant Fisher is a supervisor.

13.    Admitted that, as of the date of the filing of this Answer, Defendant Jane Morgan is a Correctional Officer at DCC.  Denied that Jane Morgan is a supervisor.

14.    Pursuant to Court Order [D.I. 134], this paragraph has been stricken and therefore no response is required.

15.    Pursuant to Court Order [D.I. 134], this paragraph has been stricken and therefore no response is required.

16.    Admitted, as of the date of the filing of this Answer.

17.    This paragraph sets forth legal argument and therefore no response to required.  To the extent that a response is required, the allegations are denied.

18.    State Defendants incorporate herein by references their responses set forth in paragraphs 1 – 17.

19.    Denied.

---

[1] This response does not constitute waiver of any defenses available to C. Segars, who has not been served in this action.

20.     Denied that Plaintiff was subjected to retaliatory action by State Defendants.  State Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

21.     State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

22.     Denied.

23.     State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

24     Admitted that Plaintiff was transferred from SCI to DCC on June 10, 2005.  The remaining allegations set forth in this paragraph are denied.

25.     Denied.

26.     State Defendants incorporate herein by references their responses set forth in paragraphs 1 – 25.

27.     State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

28.     Denied.

29.     State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.  Denied that State Defendants engaged in any wrongdoing or violated Plaintiff's rights in any manner.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    State Defendants incorporate herein by references their responses set forth in paragraphs 1 – 36.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    State Defendants incorporate herein by references their responses set forth in paragraphs 1 – 41.

43.    Denied.

44.    This paragraph is not directed to State Defendants and therefore no response is required.  To the extent that a response is required, State Defendants deny that they engaged in any wrongdoing or violated Plaintiff's rights in any manner.

45.    State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.  State Defendants deny that they engaged in any wrongdoing or violated Plaintiff's rights in any manner.

## **RELIEF**

46.    It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

47.    It is specifically denied that Plaintiff is entitled to injunctive, declaratory or any other relief.

## AFFIRMATIVE DEFENSES

48.    Plaintiff has failed to state a claim upon which relief can be granted.

49.    Plaintiff has failed to exhaust his administrative remedies.

50.    State Defendants are immune from liability under the Eleventh Amendment.

51.    State Defendants are entitled to qualified immunity.

52.    As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001, *et seq.*

53.    As to any claims under state law, State Defendants are entitled to sovereign immunity.

54.    Insufficiency of service of process.

55.    Insufficiency of process.

56.    Lack of jurisdiction over the person and subject matter.

WHEREFORE, State Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them.


STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
eileen.kelly@state.de.us
Date:                                 Attorney for State Defendants