# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C. A. No. 05-102-*** |
| PAUL HOWARD, et al., | ) ) ) |
| Defendants. | ) |

### DEFENDANT JEFFREY FISHER'S
### RESPONSE TO PLAINTIFF'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Jeffrey Fisher responds to Plaintiff's Interrogatories as follows:

### GENERAL OBJECTIONS

1.  Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.  Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.  Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.  Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6. Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. Name(s) of all individuals that authorized you to give personal/legal mail, outgoing/incoming to S/Lt. Earl Messick.

**RESPONSE:** During a limited period of time, defendant Messick advised me to send outgoing mail only through Messick's office. I do not recall specific time frames.

2. Specific time frames gave incoming/outgoing (personal/legal) mail to defendant Messick.

**RESPONSE:** See Response to Interrogatory No. 1.

3. State specific administrative regulation authorizing you to give inmate

legal and personal mail to anyone.

**RESPONSE:** There is no administrative regulation that I know of.

    4.    Was there (sic) court order provided which ordered plaintiff's outgoing and incoming mail be inspected by defendant Messick? If there was a court order, date you received same.

**RESPONSE:** Not to my knowledge.

    5.    What specific written documents did defendant Messick provide you to receive plaintiff's incoming/outgoing mail?

**RESPONSE:** See Response to Interrogatory No. 1. In further response, I do not recall any written documents.

    6.    What did you provide plaintiff in writing, informing mail being sent to defendant Messick?

**RESPONSE:** I don't recall whether I provided Plaintiff with anything in writing.

    7.    Explain if giving mail to defendant Messick was authorized by defendants Kearney or Deloy.

**RESPONSE:** I do not know.

    8.    What did you provide in writing to defendants' Kearney and Deloy concerning defendant Messick searching plaintiff's incoming/outgoing legal and personal mail?

**RESPONSE:** Objection. Defendant Messick did not search Plaintiff's incoming/outgoing legal and personal mail. In further response, see Response to Interrogatory No. 1. I did not provide anything in writing to Defendants Kearney and Deloy.

9. Did you record outgoing/incoming legal and personal mail in logbook?

**RESPONSE:** To the best of my recollection, at the time that Plaintiff's outgoing mail was being sent through Defendant Messick's office, at SCI, only legal mail was recorded in a log book.

10. What specific rule infraction did defendant Messick state to you that plaintiff had violated?

**RESPONSE:** I do not recall any conversation on this subject matter.

11. Explain how plaintiff's incoming/outgoing mail turned over to defendant Messick.

**RESPONSE:** Plaintiff's outgoing mail only was placed in a mail box for Defendant Messick.

12. On what specific date did you inform plaintiff mail being turned over to defendant Messick.

**RESPONSE:** I do not recall.

                                                STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Dated: May 30, 2007                      Wilmington, Delaware 19801
eileen.kelly@state.de.us
(302) 577-8400

## *CERTIFICATE OF SERVICE*

I hereby certify that on May 30, 2007, I electronically filed *Defendant Jeffrey Fisher's Response to Plaintiff's Interrogatories*. I hereby certify that on May 30, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Shamsidin Ali, a/k/a Robert Saunders
SBI#052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                       **STATE OF DELAWARE**
                                       **DEPARTMENT OF JUSTICE**

                                       /s/ Eileen Kelly
                                       Eileen Kelly, ID#2884
                                       Deputy Attorney General
                                       Department of Justice
                                       820 N. French St., 6th Floor
                                       Wilmington, DE 19801
                                       (302) 577-8400
                                       eileen.kelly@state.de.us