EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 05-102-*** |
| PAUL HOWARD, et al., | ) ) ) | |
| Defendants. | ) | |

**FILED MAR 30 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE**

**MEMORANDUM ORDER**

At Wilmington this 30th day of March, 2007, having considered plaintiff's pending letters/motions[1] to vacate and for reconsideration of the court's December 12, 2006 (D.I. 100, 106), IT IS ORDERED that the letters/motions are **denied** for the reasons that follow:

1. **Background.** On July 27, 2006, the court gave plaintiff leave to amend his complaint to add a medical needs claim that, while incarcerated within the Delaware Department of Correction, he contracted Methicillin Resistant Staphylococcus Aureus ("MRSA") and that, without medical treatment, the infection was allowed to spread over seventy percent of his body. The complaint and amended complaint did not mention MRSA. (D.I. 69.) Plaintiff was given until no later than August 28, 2006 to file another amended complaint, and he failed to do so within the time period. Id.

---

[1] Docket items 100 and 106 are docketed as letters. However, plaintiff seeks relief from the court and the letters should have been docketed as motions.

2. On September 21, 2006, Correctional Medical Systems ("CMS") filed a "preemptive" motion to dismiss plaintiff's supplemental and third amended complaint. (D.I. 76.) CMS stated that, the supplemental and third amended complaint which added the MRSA claim was mailed to it on August 21, 2006, but there was no indication in the court docket that it had been filed. Accordingly, plaintiff was placed on notice by at least September 21, 2006, that the any new amendment was not on file with the court. On November 20, 2006, plaintiff filed a response to the motion to dismiss, but he made no mention of the fact that the amendment was not in the court docket. (D.I. 88.)

3. On November 16, 2006, plaintiff filed a motion seeking injunctive relief for medical treatment and diagnosis for the MRSA condition. (D.I. 86.) On December 12, 2007, the court denied the motion noting that at no time had plaintiff pleaded a claim based upon the MRSA infection, despite the court having given him leave to do so. (D.I. 97.) The next day, December 13, 2006, the court received plaintiff's reply to defendants' response to the motion for injunctive relief.[2] (D.I. 98.) Included with the reply was a copy of plaintiff's supplemental and third amended complaint. Plaintiff stated that the third amended complaint had been filed on August 21, 2006. Id.

4. On December 15, 2006, the court received a letter from plaintiff requesting the court vacate the December 12, 2006 order pursuant to Fed. R. Civ. P. 60.[3] (D.I. 100.) The letter states that plaintiff's daughter "prepared and filed" a third amended

---

[2]The reply was mailed on December 12, 2006.

[3]The letter was mailed on December 13, 2006.

-2-

complaint and reiterated that it had been included with plaintiff's response to defendants' objections to temporary restraining order and preliminary injunction found at D.I. 98. Plaintiff sent another letter to the court dated January 18, 2007, and asked the court to reconsider its December 12, 2006 order. (D.I. 106.)

5. **Standard of Review.** In plaintiff's December 13, 2006 letter/motion he seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

6. When a litigant seeks to relitgate the original issue, he should proceed under Rule 59(e). See Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988); Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R., 824 F.2d 249, 253 (3d Cir.1987). Under Fed. R. Civ. P. 59(e), a party seeking to alter or amend a judgment must establish one of the following grounds for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the

motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe, by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins., Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

7. **Discussion.** The court docket does not indicate that plaintiff timely filed his third amended complaint. This fact was brought to plaintiff's attention by at least September 21, 2006, when CMS filed its motion to dismiss. Inasmuch as CMS received a service copy of the amended complaint in August 2006, the court gives plaintiff the benefit of the doubt that he made an attempt to file the third amended complaint. Nonetheless, plaintiff did not provide the court with a copy of the third amended complaint until he filed his reply to defendants' response to the motion for injunctive relief which was received by the court on December 13, 2006. (See D.I. 98.) Accordingly, the court deems the supplemental and third amended complaint filed as of December 13, 2006. The clerk of the court is directed to make a separate docket entry for Exhibit A of D.I. 98.[4]

8. While plaintiff was given leave to amend the complaint, he was not given leave to add new parties. The supplemental and third amended complaint lists two new defendants, Ihuema Chuks ("Chuks") and Crystal Austin ("Austin"). Therefore, the court **strikes** paragraphs 14 and 15 of the supplemental and third amended complaint which

---

[4]The clerk of the court is directed that he shall not add as defendants Ihuema Chuks and Crystal Austin who are named as defendants in the caption of the case.

-4-

names Chuks and Austin as defendants. The court reiterates that they are **not** defendants in this action. Paragraph 45 in Count IV of the supplemental and third amended complaint contains references to Chuks and Austin. Those references will remain in the complaint for the purpose of alleging facts to support plaintiff's claim in Count IV.

9. Even assuming plaintiff had properly plead the MRSA claim before filing his motion for injunctive relief, his motion would not have been granted. When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). It is Plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90 (3d Cir. 1992). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharmaceuticals, 369 F.3d at 708 (citations omitted). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be

issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

10. The supplemental and third amended complaint alleges that plaintiff noticed a developing skin condition during September 2005, and that he was seen between September 2005 and December 2005 by employees of CMS and given creams to treat the condition. (D.I. 98, Ex. A ¶ 45.) The complaint also alleges that in December 2005 he was seen by a physician in the infirmary who stated that plaintiff needed to see a dermatologist.

11. In plaintiff's motion for injunctive relief he sought immediate access to a dermatologist; an order to stop defendants from interfering with his medical treatment; his prescriptions for medications to be immediately filled, and for a third-party dermatologist to enter the prison to culture, diagnose, and treat MRSA. (D.I. 86.)

12. Medical records indicate plaintiff received medical treatment for his skin condition on June 19, 2006, June 27, 2006, July 17, 2006, September 11, 2006, October 24, 2006. (D.I. 93.) Also, two requests for consultations were made; one on October 10, 2006, and the other on November 9, 2006. Id. Medical records indicate that plaintiff was prescribed various medications to treat his skin condition, and that he plaintiff received blood pressure medication as prescribed. Id. Subsequent medical records filed by plaintiff indicate that he continues to receive medical treatment. (D.I. 107.)

13. Given the exhibits submitted to the court, plaintiff has not demonstrated the requisites necessary for issuance of an order for injunctive relief, particularly the prong

requiring a showing of irreparable harm. Nor has plaintiff demonstrated the likelihood of success on the merits. Hence, even had the court addressed the merits of plaintiff's motion for injunctive relief rather than deny on the basis that the MRSA has not been plead, the motion would not have been granted.

14. **Conclusion**. Accordingly, the letters/motions to vacate and for reconsideration of the court's December 12, 2006 (D.I. 100, 106) are **denied**. The supplemental and third amended complaint is deemed filed as of **December 13, 2006**. Ihuema Chuks and Crystal Austin are not defendants in this action, and paragraphs 14 and 15 of the supplemental and third amended complaint are **stricken**.

Honorable Mary Pat Thynge
U.S. Magistrate Judge