### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C. A. No. 05-102-*** ) |
| PAUL HOWARD, et al., | ) ) |
| Defendants. | ) |

### DEFENDANT JANE MORGAN'S
### RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Rule 36, of the Federal Rules of Civil Procedure Defendant Jane Morgan responds to Plaintiff's Request for Admissions as follows:

1. You inventoried plaintiff's personal property when I first arrived from Sussex Correctional Institution.

**RESPONSE:** Denied.

2. You brought plaintiff's personal property to him when he was housed building 21.

**RESPONSE:** Admitted.

3. Plaintiff was not permitted to go through personal property to determine what legal property needed.

**RESPONSE:** Admitted.

4. Personal property not deemed authorized for building 21 and security housing units required sent out of institution.

**RESPONSE:** Admitted.

5. There is not written procedure governing inmate being present when property being inventoried.

**RESPONSE:** There is no written procedure governing an inmate being present when property is being inventoried of which I'm aware.

6. On December 6, 2005, you found broken watch in plaintiff's personal property.

**RESPONSE**: Objection. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

7. On December 13, 2006, cited plaintiff for severary (sic) rule infractions related to broken watch.

**RESPONSE:** See Response to Request to No. 6.

8. Willing to submit to polygraph examination concerning rule infraction which you cited plaintiff.

**RESPONSE:** See Response to Request to No. 6.

9. Would you object to plaintiff having polygraph examination concerning possession of broken watch.

**RESPONSE:** See Response to Request to No. 6.

10. It was seven (7) day prior to finding broken watch and submitting disciplinary action.

**RESPONSE:** See Response to Request to No. 6.

11. Has there been a case of inmate arriving from other facility with property not listed on inventory sheets?

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. Without waiving this objection, Defendant responds I do not know. I only deliver property once it has been processed.

12. Upon learning party to litigation then decided to cite plaintiff for rule infraction.

**RESPONSE:** See Response to Request to No. 6.

13. Subject to previous court litigations.

**RESPONSE:** Defendant does not understand this Request.

14. Plaintiff was called from housing unit in building 21 to area designated for eating/recreation to sign for personal property.

**RESPONSE:** Objection. This Request is vague. Plaintiff does not specify a date.

15. Inmates provided listing of property permitted in each housing unit at this facility.

**RESPONSE:** Inmates at the Delaware Correctional Center have access to the housing rules from the Commander on their housing unit and/or from the law library. The Housing Rules list available property.

16. Inmate arriving with open commissary from other housing units at this facility commissary disguarded (sic).

**RESPONSE:** See Response to Request No. 6.

17. Inmate not compensated for commissary disguarded (sic) when placed in any of the administrative segregation units.

**RESPONSE:** See Response to Request No. 6.

    18.    Inmates assigned to property unit as workers.

**RESPONSE:** See Response to Request No. 6.

    19.    During your tenure in property room, black inmate never assigned as worker.

**RESPONSE:** See Response to Request No. 6.

    20.    Plaintiff could arrive from Sussex Correctional Institution with watch on arm not recorded on property sheet.

**RESPONSE:** See Response to Request No. 6.

    21.    Property has been returned to Sussex Correctional Institution as result not being inventoried.

**RESPONSE:** Defendant does not understand Request.

    22.    Possession of broken watch major rule infraction.

**RESPONSE:** See Response to Request No. 6.

    23.    You cited plaintiff for lying possession of non-dangerous contraband and other infractions related to broken watch.

**RESPONSE:** See Response to Request No. 6.

    24.    Appeared at plaintiff's disciplinary hearing.

**RESPONSE:** See Response to Request No. 6.

    25.    Disciplinary hearing not recorded.

**RESPONSE:** See Response to Request No. 6.

                                  **STATE OF DELAWARE**
                                  **DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly_____
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400

Dated: June 20, 2007                Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2007, I electronically filed *Defendant Jane Morgan's Response to Plaintiff's Request for Admissions*. I hereby certify that on June 20, 2007, I have mailed by United States Postal Service the document to the following non-registered party:

Shamsidin Ali, a/k/a Robert Saunders
SBI#052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, ID#2884
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us