IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-102-*** |
| | ) | |
| PAUL HOWARD, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANT JANE MORGAN'S RESPONSE TO MOTION TO COMPEL**

State Defendant Jane Morgan ("Morgan"), by the undersigned counsel, hereby responds to Plaintiff's Motion to Compel [D.I. 159] as follows:

1. The Third Amended Complaint in this matter was filed on December 13, 2006. [D.I. 135]. In the Third Amended Complaint, Plaintiff alleges that Morgan is a corporal supervisor of the property department at Delaware Correctional Center ("DCC"). D.I. 159 at ¶13. He claims that Morgan "rifled" through his legal and personal items and selected which "legal papers, books and research materials she deemed proper for plaintiff to have." D.I. 159 at ¶43. Plaintiff does not specify when Morgan did not give him his property. Plaintiff requests a court order directing Morgan to make his legal and personal items available to him. D.I. 159 at page 8.

2. The Third Amended Complaint contains no other references to or allegations against Morgan.

3. On May 22, 2007, Plaintiff filed Requests for Admissions directed to Morgan. [D.I. 146]. Morgan responded to the Requests on June 20, 2007. [D.I. 153].

4. Plaintiff has moved to compel further responses to certain Requests for

Admissions. In particular, he claims that he is entitled to responses to numerous Requests concerning a broken watch. *See* D.I. 146, Requests 6, 7, 8, 9, 10, 12, 20, 22, 23 and 25. Plaintiff appears to be asserting that, on December 6, 2005, Morgan found a broken watch in Plaintiff's personal property and cited Plaintiff for rule infractions concerning the watch. Plaintiff complains about the disciplinary process and the fact that he was not permitted to take a polygraph examination concerning the watch incident.

5. Morgan objected to all of these Requests as follows: "Objection. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence."

6. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Discovery is not limited to admissible evidence, but to evidence that is reasonably calculated to lead to the discovery of admissible evidence. *Id.*

7. As set forth herein, the Complaint presents very narrow, limited allegations against Morgan. There is no reference anywhere in the Complaint to a watch, a related disciplinary infraction, or a polygraph examination. Plaintiff's Requests are not remotely relevant to his cause of action, and he should not be permitted to use this litigation to explore unrelated, irrelevant issues.

8. Similarly, Plaintiff's Request seeking information pertaining to the handling of open commissary items has no relevance to his cause of action against Morgan or any of the other Defendants. *See* Request No. 16.

9. Finally, in Request No. 11, Plaintiff asks whether there had been a case of an inmate arriving from another facility with property not listed on the inventory sheets. Morgan

responded that she did not know and that she only delivered property once it had been processed. In his Motion to Compel, Plaintiff insists that Morgan can answer this question. Morgan's response that she did not know was responsive to Plaintiff's Request, and she cannot be required to provide information which she does not have.

10. In short, Plaintiff has failed to articulate any legal basis for his Motion to compel. For the most part, he seeks production of information which has no relevance to his claims. He also seeks to compel a response to a Request which has already been answered. Plaintiff's Motion is without merit and must be denied.

WHEREFORE, State Defendant Jane Morgan respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
eileen.kelly@state.de.us
(302) 577-8400
Attorney for State Defendant
Jane Morgan

Dated: July 31, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2007, I electronically filed *State Defendant Jane Morgan's Response to Motion to Compel* with the Clerk of Court using CM/ECF, which will send notice of such filing to Kevin J. Connors, Esquire and Eric Scott Thompson, Esquire. I hereby certify that on July 31, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: Shamsidin Ali, a/k/a Robert Saunders.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us