IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | C.A. No. 05-102-*** ) ) |
| COMMISSIONER STANLEY TAYLOR, et al., | ) ) |
| Defendants. | ) JURY TRIAL BY TWELVE ) DEMANDED ) |

**RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., (CMS) (IMPROPERLY DESIGNATED AS "CORRECTIONAL MEDICAL SYSTEMS"), TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Defendant, CMS, by its undersigned attorneys, hereby responds to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction as follows:

1. Plaintiff filed a Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction on July 31, 2007. (D.I. # 162)  He alleges that Dr. Frederick Vandusen and Ihuema Chucks ordered that he be given a stress test and provided the service of a cardiologist.  Plaintiff claims that these events have not occurred.

2. Plaintiff further alleges that he takes six (6) blood pressure medications per day, but that his blood pressure has remained in the 200/193 range over the past two (2) months which could lead to stroke or kidney failure.  He claims that he experienced temporary paralysis on the right side of his body on two prior occasions.  Plaintiff has asked the Court to enter a preliminary injunction ordering that he be seen by a physician secured by "Robert and Nicole Saunders".

3.      On August 13, 2007, plaintiff filed a letter to Judge Thygne in support of his Motion.  (D.I. # 163)  He alleges that on August 3, 2007, he was taken to "Cardiology Consultants P.A." for a stress test, however, the results had yet to be provided.  Therefore, it appears to the extent that plaintiff requests an outside consultation, this request is moot.

4.      "The grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'"[1]  The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge.[2]  A plaintiff moving for injunctive relief must demonstrate: i) the likelihood of success on the merits; ii) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; iii) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and iv) the public interest will not be adversely affected by the granting of relief.[3]

5.      The prisoner must demonstrate a likelihood of success on the merits of his claims based upon an alleged Eighth Amendment violation for failure to provide adequate medical treatment to a prisoner.  However, an act of a prison official only becomes such a constitutional violation when it results from the "deliberate indifference to a prisoner's serious illness or injury."[4]  *Estelle* requires plaintiff to satisfy a two-prong test in order to impose liability under § 1983: i) deliberate indifference on the part of prison officials; and ii) the prisoner's medical needs must be serious.[5]  The "deliberate indifference" prong is satisfied when the plaintiff alleges that the defendant acted to deny an inmate's reasonable request for medical treatment subjecting the prisoner to undue suffering or if medical treatment is delayed for non-medical reasons.[6]  The acts

---

[1] *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)(*quoting Frank's GMC Truck Ctr., Inc. v. Gen'l Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).
[2] *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir. 1978).
[3] *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995).
[4] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).
[5] *Id.*
[6] *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987).

complained of must be accompanied by a "reckless disregard" of or "actual intent" to disregard a serious medical condition.[7] A prisoner's medical need is sufficiently serious if diagnosed by a physician as requiring treatment or so obvious that a lay person would easily recognize the necessity of a physician's attention.[8] Furthermore, "'*where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.*'"[9] A mere difference of opinion concerning the treatment received by an inmate is not actionable under the Eighth Amendment and § 1983.

6. Plaintiff asks the Court to grant a preliminary injunction ordering that he be seen by an outside physician secured by "Robert and Nicole Saunders". The medical records, however, indicate that plaintiff is receiving the appropriate and necessary medical care. In fact, physicians orders indicate blood pressure checks daily. See Physicians' Orders dated May 30, 2007, July 3, 2007, July 16, 2007, and August 9, 2007 and Progress Notes dated June 28, 2007 and July 23, 2007 attached as Exhibit "1". Moreover, contrary to plaintiff's allegations, his blood pressure had not remained in the 200/193 range for the past two months. See Blood Pressure Flow Sheets attached as Exhibit "2" dated April 24, 2007, May 8, 2007, May 22, 2007, May 29, 2007, June 4, 2007, June 5, 2007, June 7, 2007, June 9, 2007, June 11, 2007, June 12, 2007, June 13, 2007, June 19, 2007, July 3, 2007 and July 24, 2007.

In addition, on August 3, 2007, a dual isotope myocardial perfusion study was performed at Cardiology Consultants PA. See Dual Isotope Myocardial Perfusion Study dated August 3, 2007 attached as Exhibit "3". As of August 7, 2007, Delaware Correctional Center had not received the results of the stress test. See Chronic Disease Follow-Up dated August 7, 2007

---

[7] *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).
[8] *Pace v. Fauver*, 479 F.Supp. 456, 458 (D. N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981).
[9] *Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978). *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) ("Courts will 'disavow any attempts to second-guess the propriety or adequacy of a particular course of treatment … [which] remains a question of sound professional judgment.'")(emphasis supplied).

attached as Exhibit "4". Plaintiff's blood pressure, however, was again checked on that date. *Id.* On August 9, 2007, CMS faxed a release to obtain the results of the test. See Physicians' Orders dated August 9, 2007 attached as Exhibit "5". The study indicated a normal myocardial perfusion scan with no evidence for exercise-induced ischemia. Exhibit "3".

Thus far, CMS has adequately observed and treated plaintiff with respect to the conditions of which he complains. Plaintiff has not alleged nor do the medical records indicate that plaintiff requires specialized medical treatment not available at the Delaware Correctional Center. Rather, the evidence indicates that plaintiff can and has received the appropriate and necessary medical care within the facility and need not be referred to outside medical personnel. Plaintiff will not succeed on the merits of this action. Thus, it is clear that plaintiff is not entitled to emergency injunctive relief.

7. Moreover, plaintiff can make no showing that in the absence of an injunction, he will suffer irreparable harm. See Progress Note dated July 16, 2007 attached as Exhibit "6"; See also Affidavit of Dr. Bruce McFall which will be appended as Exhibit "7".

8. Furthermore, it is an unnecessary burden on CMS and the State, and contrary to the public interest, to require that plaintiff be taken out of prison to be seen by an outside physician of his choosing. See Affidavit of Deputy Warden David Pierce attached as Exhibit "8". Plaintiff can not demonstrate irreparable harm in the absence of an injunction. Therefore, Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction should be denied.

WHEREFORE, defendant, Correctional Medical Services, Inc., requests that this Honorable Court deny Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction as to defendant, Correctional Medical Services, Inc.

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN AND GOGGIN**


**BY:** **/s/ Kevin J. Connors**
   **KEVIN J. CONNORS, ESQUIRE (#2135)**
   **1220 N. Market Street, 5th Floor**
   **Wilmington, DE  19801**
   **Attorneys for Defendant,**
   **Correctional Medical Services, Inc.**

DATED:  August 30, 2007
\15_A\LIAB\KAMEANY\LLPG\448140\KAMEANY\13252\00165

## CERTIFICATE OF SERVICE

      I, Kevin J. Connors, hereby certify that two (2) copies of the RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., (CMS) (IMPROPERLY DESIGNATED AS "CORRECTIONAL MEDICAL SYSTEMS"), TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION have been served by electronic and first class mail upon the following:

| | |
|---|---|
| Shamsidin Ali a/k/a Robert Saunders<br>SBI #052590<br>Delaware Correctional Center<br>1181 Paddock Road<br>Smyrna, DE 19977 | Eileen Kelly, Esquire<br>Department of Justice<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801 |

                        **MARSHALL, DENNEHEY, WARNER,**
                        **COLEMAN AND GOGGIN**

                BY:   /s/ Kevin J. Connors
                        **KEVIN J. CONNORS, ESQUIRE (#2135)**
                        **1220 N. Market Street, 5th Floor**
                        **Wilmington, DE 19801**
                        **Attorneys for Defendant,**
                        **Correctional Medical Services, Inc.**

DATED: August 30, 2007
\15_A\LIAB\KAMEANY\LLPG\448140\KAMEANY\13252\00165