FILED

SEP 10 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS )
)
      Plaintiff, )
)
v. )  C.A. No. 05-102-***
)
COMMISSIONER STANLEY TAYLR, et al., )
)
      Defendants. )

### PLAINTIFF RESPONSE TO DEFENDANTS'S CORRECTIONAL MEDICAL SYSTEMS AND DEPARTMENT OF CORRECTIONS OBJECTIONS TO PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINIG ORDER

    Plaintiff, hereby responds to Defendant's Motion Objecting To Plaintiff's Request for Temporary Restraining Order and Prelimary Injunction:

    1. Plaintiff file a Motion for Temporary Restrainig Order and Order to Show Cause for Prelimary Injunction on July 31, 2007.

    2. Plaintiff further states that takes (6) blood pressure meds per day, that blood pressure constantly in the 200/193 ranges over the past (2) months. Has experienced temporary paralysis on the rigth side of body on two occassions. Plaintiff asked the Court to enter a preliminary injunction ordering that he be seen by a physicial secured by "Robert and Nicole Saunders", inside Delaware Correctional Center, Smyrna, Delaware or other facility designated by the Department of Corrections.

    3. As result of stress test being divorced of possible heart related problems. Determined by Dr. Frederick Vandusen and another physician, plaintiff need kidney cariod arteries examination.

    4. Deliberated indifference claim stated when treatment so blatantly inappropriate as to evidence intentional mistreatment likey to seriously aggravate condition. Plaintiff cannot receive prescribed treatment until approved by Corrrentional Medical Systems Regional Office in St. Louis, MO., which on previous occassion taken (5) months. Even tho physican's instructed plaintiff's blood pressure be taken daily over pass four months, only taken total of 18 times during time frame,

    5. Plaintiff has demonstrated a likelihood of succes on the merits

of his claims beased upon an alleged Eighth Amendment violation for failure to provide adequate medical treatment to the plaintiff. An act of a prison official becomes aconstitutional violation when it results from the "deliberate indifference to a prisoners's serious illness or injury. The plaintiff still covered nodules, Scabs and Sores as result of treatment prescribed by Dr. Thomas Burke, Dermatologist never complied with. Estell requires plaintiff to satisfy a two-prong test in order to impose liability under 1983: i) deliberate indifference on the part of prison officials; and ii) the prisoner's medical need is serious. The plaintiff has satified denial of medical treatment, by being subject wait long period of time receive same, and failure of department to comply with treatment ordered. The acts compained are "reckless disregard" of and "actual intent" to disregard a serious medical condition. Plaintiff's medicla need is sufficiently serious as result of being diagnosed by physicians are requiring treatment so obvious that a lay person would easily recongnize the need. High blood pressure untreatemd cna result in stroke and death.

6. Plaintiff as the Court to grant a preliminary injunction ordering that he be seen by an outside physical secured by "Robert and Nicole Saunders", within Delaware Correctional Center or facility designated by Department of Corrections. In order to succed on a motion for a preliminary injunction, the moving party must show i) more than a negligible chance of success on the merits and ii) no adequate remedy and irreparable harm if preliminary relief is denied. Once this is established, the district court must then consider iii) the balance of hardship between the plaintiff and defendants, adjusting the hardships for the possibility of success on the merits and IV) the public interest. A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference"to inmate health or safety only if they know that inmate face a substantial risk by failing to take reasonable measures to reduce the harm: plaintiff has shown the conditions serious and that defendants are deliberately indiffenent to same. Even tho state defendants allege medical contractors responsible for providing plaintiff medical treatment. Under Delaware Law the responsibility rest with the Department of Corrections to provide same.

7. Plaintiff has made showing that in absence of an injunction he will suffer irreparable harm.

8. It is not an unnecassry burden on CMS or the State for plaintiff's family hire physician vist plaintiff at Delaware Correctional Center or facility designated by Department of Corrections. Plaintiff has demonstrated irreparable harm in the absence on injunction. Therefore, Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction should be granted.

WHEREFOR, plaintiff request that this Honorable Court grant Plaintiff;s Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction as to defendants Correctional Medical Services and State defendants.

*[signature]*
SHAMSIIDN ALI, 052590
a/k/a Robert Saunders
1181 Paddock Road
Smyrna, DE 19977

DATED: September 7, 2007

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY have furnished copy of attached too Kevin J. Connors, Esquire, 1220 N. Market St., 5th Floor, Wilm, DE 19801 and Eileen Kelly, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 N. French St., Wilm, DE 19801. By U.S. Mail this 7th day of September 2007, with sufficient postage affixed thereto.

*[signature]*
SHAMSIDIN ALI, 052590

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHAMSIDIN ALI, a/k/a/ Robert Saunders )
)
    Plaintiff, )
)
v. ) C.A. No. 05-102***
)
PAUL HOWARD, et al., )
)
    Defendants. )

### AFFIDAVIT OF SHAMSIDIN ALI

    I Shamsiidn Ali (a/k/a/ Robert Saunders), having been duly sworn according to law, deposes and state as follows;

    1. I make this Affidavit based upon personal information.

    2. Plaintiff Shamsidin ali, a/k/a/ Robert Saunders ("Plaintiff") incarcerated at DCC. He has asked the Court to order that he be permitted to receive medical care from outside physician retained by his family, at Delaware Correctional Center or facility designated.

    3. Accomodating Plaintiff's request would not pose security risks and not jeopardize the safety of the public.

    4. The Plaintiff's body still covered with nodules, scabs, and sores. The aforemention result of not complying with treatment ordered by Dr. Thomas Burke, Dermatologist. Plaintiff orginally taken-to Dr. Burke for possible "MRSA" and related skin disorder.

    5. Permitting plaintiff to arrange for his own outside medical care would not place tremendous burden on the prison's resources. The plaintiff not asking be taken outside Delaware Correctional Center, physician would be duly licensed and board certified. Plaintiff could be seen in the infirmary or other designated area within Delaware Correctional Center.

6. For the reasons set forth herein, plaintiff should be permitted to arrange for own medical examination with outside medical provider within Delaware Correctional Center.

_____
SHAMSIDIN ALI, 052590

**SWORN AN SUBSCRIBED** before me this _7th_ day of September 2007.

_____
Notary

Commission expires: June 14, 2008

Shamsiidn Ali, 052590
a/k/a/ Robert Saunders
1181 Paddock Road - DCC
Smyrna, DE 19977

SOUTH JERSEY NJ 080
08 SEP 2007 PM 4 T

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

