**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER STANLEY TAYLOR, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　C.A. No. 05-102-***<br>)<br>)<br>)<br>)<br>)　JURY TRIAL<br>)　DEMANDED<br>) |

**RESPONSE OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., (CMS) (IMPROPERLY DESIGNATED AS "CORRECTIONAL MEDICAL SYSTEMS"), TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

　　1.　　Defendant, Correctional Medical Services, Inc., make the following General Objections ("General Objections") to the Plaintiff's Request for Production of Documents Directed to Defendants ("Request"). These General Objections apply to and form a part of the response to each and every Request and are set forth herein to avoid duplication and repetition of restating them for each response.

　　2.　　Defendant objects to each Request to the extent that it seeks to impose an obligation or burden on Defendant beyond that required by F.R.C.P. 26. Defendant will respond to each Request to the extent required by applicable rules.

　　3.　　Defendant objects to each Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

　　4.　　Defendant objects to each Request to the extent it seeks information or documents already in possession of the plaintiff, or information that is equally available to plaintiff. In addition, Defendant objects to each Request where the response to the Request may be derived from or ascertained from pleadings already filed in this matter, or from documents produced herewith.

　　5.　　Defendant objects to each Request to the extent that it seeks information that is not within the personal knowledge of Defendant, or that may be outside the time period relevant to the subject matter of this lawsuit.

　　6.　　Defendant objects to each Request to the extent that it is overly broad, unduly burdensome and/or seeks information or documents neither relevant nor reasonably calculated to lead to the discovery of relevant, admissible evidence.

7. Defendant objects to each Request to the extent that it is duplicative, unreasonably cumulative and/or oppressive, and to the extent that the Request will cause Defendant to incur any unnecessary expense.

8. Defendant objects to each Request to the extent that it is vague and/or ambiguous.

## RESERVATION OF RIGHTS

1. All responses to these Requests are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

2. All questions as to competency, relevancy, materiality, privilege, and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

3. The right to object on any grounds to the use of any information requested, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

4. The right to object on any grounds at any time to a demand for further responses to these Requests or other discovery proceedings involving or relating to the subject matter of the Requests and objections set forth herein answered; and

5. The right at any time to revise, correct, supplement, clarify, and/or amend the responses and objections set forth herein.

Defendant incorporates the General Objections and Preservation of Rights set forth above into each of the following answers as though the same were set forth at length therein.

## RESPONSES

1. Total number physicians, physicians assistants, license practical nurses, registered nurses and nurse assistants employed at Delaware Correctional Center.

RESPONSE: Objection. This Request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence. By way of further response, Defendant cannot decipher what documents plaintiff seeks. Absent a more narrowly tailored Request a meaningful response is impossible.

2. The names of each physician, physician assistant, registered nurse, license practical nurse, and nurse assistant assigned the infirmary at Delaware Correctional Center. Provide listing of training, schools attended and license held. This request not to include social security numbers, addresses, phone numbers or dates of births.

RESPONSE: Objection. This Request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.

3. The countries where doctors, doctors assistants, registered nurses, license practical nurses and nurses assistants born. Include full names for each of the aforementioned.

RESPONSE: Objection. This Request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.

4. State licenses held by each listed in request number 3.

RESPONSE: Objection. This Request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff's medical records from April 26, 1976.

RESPONSE: All medical records in possession of Defendant were attached to Defendant, Correctional Medical Services, Inc.'s Responses to Plaintiff's Request for Production dated March 9, 2007. Notwithstanding, additional medical records in possession of Defendant are attached under seal.

6. Qualifications for employment as doctor, physician assistant, registered nurse, license practical nurse and nurse assistant with Correctional Medical Systems.

RESPONSE: Objection. This Request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.

7. Correctional Medical Systems Regulations governing inmates receiving outside treatment from specialist. This will include the procedures for approving same, name(s) of individual(s) located in St. Louis, Missouri authorized approve same.

RESPONSE: Objection. This Request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.

8. Percentage of current contract spent on utilization of outside specialist services for inmate treatment. Include dollar amount spent to date.

RESPONSE: Objection. Irrelevant, overly broad and not calculated to lead to the discovery of admissible evidence.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: /s/ Kevin J. Connors
KEVIN J. CONNORS, ESQ.
DE Bar ID: 2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendant,
Correctional Medical Services, Inc.

DATED: October 22, 2007
15/545138.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-102-*** |
| v. | ) ) | |
| COMMISSIONER STANLEY TAYLOR, et al., | ) ) | JURY TRIAL |
| Defendants. | ) ) ) | DEMANDED |

**NOTICE OF SERVICE**

I, Kevin J. Connors, hereby certify that a copy of the *Responses of Defendant, Correctional Medical Services, Inc., to Plaintiff's Request for Production* have been served by first class mail and hand delivery upon the following:

Shamsidin Ali a/k/a Robert Saunders
SBI #052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Catherine C. Damavandi, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY:   /s/ Kevin J. Connors
      KEVIN J. CONNORS, ESQ.
      DE Bar ID: 2135
      1220 North Market Street, 5th Fl.
      P.O. Box 8888
      Wilmington, DE 19899-8888
      Attorney for Defendant,
      Correctional Medical Services, Inc.

DATED:  October 22, 2007