IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 05-102-*** |
| PAUL HOWARD, et al., | : : | |
| Defendants. | : : | |

## ORDER

At Wilmington this **26th** day of **October, 2007**.

State defendants in this matter moved to strike (D.I. 173) plaintiff's request for admissions to defendant (D.I 166), C. Segars ["Segars"], because Segars was never served and the United States Marshal's Form was returned unexecuted. Plaintiff claims that he was never informed that Segars had not been served, suggesting that the United States Marshal failed to advise him of non-service.

Under Fed. R. Civ. P. 36(a) requests for admissions are limited to parties to the action. Since Segars was never served as required under Fed. R. Civ. P. 4, Segars is not a party to this action.

Plaintiff also relies on Rule 4(m) requesting that the court not require him to attempt service on Segars after the 120 day period because he has retired from the Department of Corrections and plaintiff has been unable to secure his personal address. Plaintiff also suggests that it somehow was the United States Marshal's obligation to personally advise him that service on Segars had not been effected.

First of all, the state defendants have not suggested that Segars be dismissed from the case. The state defendants are only requesting that plaintiff's requests for admissions directed to Segars be stricken. In light of the facts presented and Fed. R. Civ. P. 36(a), state defendants motion is granted.

Secondly, plaintiff is mistaken that the United States Marshal is obligated to personally inform plaintiff that service on a potential party has not been effected. As evidenced by the docket entries made in this matter, D.I. 32 clearly shows that service was returned unexecuted on Segars. It is plaintiff's obligation, including a *pro se* plaintiff, to know what is occurring in an action that he instituted. Further, as evidenced from his numerous filings, including plaintiff's motion to amend the complaint, discovery filings, motions for default, motions for preliminary injunction and responses to defendants' filings, plaintiff is clearly capable of requesting a copy of the docket sheet to determine the status of service.[1] It is not the obligation of the court or anyone else to keep plaintiff informed of what is occurring in his case. Plaintiff does not indicate that he ever requested a copy of the docket in this case or for the costs related for such a request. Therefore,

IT IS ORDERED that state defendants' motion to strike plaintiff's request for admissions to C. Segars(D.I. 173) is GRANTED. As a result, plaintiff's request for admissions found at D.I. 166 is stricken.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

---

[1] Although plaintiff has been allowed to proceed *in forma pauperis* in this matter, that does not necessarily relieve him of an obligation to pay for the costs related to acquiring a copy of the docket.