**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, and MASJID ULLAH, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PAUL HOWARD, et al., | ) ) |
| Defendants. | ) |

C. A. No. 05-102-***

**DEFENDANT RICK KEARNEY'S
RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Rick Kearney responds to Plaintiff's Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6. Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. Specific reason you deemed it proper to transfer plaintiff from your facility.

**RESPONSE:** A request was received to move an inmate that had a conflict with the Plaintiff to SCI from DCC. For security reasons, Answering Defendant made the decision to move the Plaintiff to DCC.

2. Name(s) of all parties submitting reports, stating plaintiff need be moved from Sussex Correctional Institution.("SCI").

**RESPONSE:** Objection. This interrogatory seeks production of information protected from discovery by the attorney-client and work product privileges. Department of Correction policies and procedures are prohibited from disclosure to an incarcerated person by 11 *Del. C.* § 4322. Without waiving these objections, there are none.

3. Should Plaintiff be view [sic] by you as disciplinary problem, outline specifices [sic] governing same.

**RESPONSE:** Objection. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

4. Outline how you learn't [sic] plaintiff contacted Civil Rights Division U.S. Justice Department concerning health and other issues at Sussex Correctional Institution.

**RESPONSE:** Answering Defendant had no knowledge of the Plaintiff contacting the Civil Rights Division of the U.S. Justice Department until he was mentioned in a News Journal article.

5. Express validity concerning issues plaintiff presented Civil Rights Division – U.S. Justice Department. This pertains to issues you know presented or issues other parties conveyed presented.

**RESPONSE:** Objection. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Moreover, Answering Defendant objects to this Interrogatory in that it calls for a legal conclusion. Without waiving this objection, Answering Defendant has no knowledge of this subject.

6. On what dates were you contacted by either Esteban Parra or Lee

Williams, Reporters – News Journal requesting to be permitted to interview plaintiff at Sussex Correctional Institution.[sic] What was your position concerning interview and how officially responded. [sic]

**RESPONSE:** Objection. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

7. Explain why you felt plaintiff needed to be immediately removed from Sussex Correctional Institution.

**RESPONSE:** See Response to Interrogatory No. 1.

8. On what dates did you instruct "Merit Building – Multi-Disciplinary Committee" to classify plaintiff from Sussex Correctional Institution. [sic] Name individuals that composed aforemention and date removed from Sussex Correctional Institution.

**RESPONSE:** Objection. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Department of Correction policies and procedures are prohibited from disclosure to an incarcerated person by 11 *Del. C.* § 4322. The Plaintiff was transferred from SCI to DCC on June 10, 2005.

9. What specific security classification held by plaintiff while housed at Sussex Correctional Institution dates held for each. [sic]

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

10. Explain how plaintiff went from minimum security at Sussex Correctional Institution too [sic] administrative segregation (maximum security) at Delaware Correctional Center. The aforementioned security status provided upon arrival at Delaware Correctional Center.

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. Without waiving this objection, Defendant did not take part in Plaintiff's classification upon arrival at DCC.

11. What specific rule infractions plaintiff received at Sussex Correctional Institution facilitated need be transferred to Delaware Correctional Center. [sic]

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff was not transferred from SCI to DCC for rule infractions. See also Response to Interrogatory No. 1.

12. Outline all programs plaintiff completed while housed at Sussex Correctional Institution.

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Without waiving this objection, the response to this Interrogatory is within the Plaintiff's own knowledge.

13. Outline all employment held while housed at Sussex Correctional Institution.

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Without waiving this objection, the response to this Interrogatory is within the Plaintiff's own knowledge.

14. What was your professional opinion of plaintiff while at Sussex Correctional Institution. [sic]

**RESPONSE:** Objection. This Request is vague, overly broad and unduly burdensome. This Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence.

15. Explain what part either investigation by Civil Rights Division – U.S. Justice Department or potential interview by News Journal impaced [sic] on need to transfer plaintiff.

**RESPONSE:** Objection. Defendant does not understand the question. Without waiving this objection, this Request has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Moreover, Answering Defendant objects to this Interrogatory in that it calls for a legal conclusion.

16. Explain your specific reason(s) for instructing Multi-Classification Committee and Institutional Classification Committee to classify plaintiff to Delaware Correctional Center administrative segregation. Specific reason segregation recommended as part of classification.

**RESPONSE:** Objection. See Response to Interrogatory No. 10.

          **DEPARTMENT OF JUSTICE**
          **STATE OF DELAWARE**

          /s/ Catherine Damavandi
          Catherine Damavandi (ID # 3823)
          Deputy Attorney General
          Delaware Department of Justice
          820 N. French Street, 6th Floor
          Wilmington, DE 19801
          catherine.Damavandi@state.de.us
          (302) 577-8400

Date:  December 13, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on December 13, 2007 I electronically filed the attached *Defendant Rick Kearney's' Response to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on December 13, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Shamsidin Ali, a/k/a Robert Saunders
SBI#052590
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Catherine Damavandi
        Catherine Damavandi, ID#3823
        Deputy Attorney General
        Department of Justice
        Carvel State Bldg., 6th Fl.,
        820 N. French Street
        Wilmington, DE  19801
        catherine.damavandi@state.de.us