IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, A/K/A ROBERT SAUNDERS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DELAWARE DEPARTMENT OF CORRECTIONS, COMM. STANLEY TAYLOR, WARDEN RICK KEARNEY, WARDEN THOMAS CARROLL, DEPUTY WARDEN MIKE DELOY, S/LT. EARL MESSICK, S/LT. JOSEPH JOHNSON, CAPTAIN C. SEGARS, ANTHONY RENDINA, PAUL MORGAN and CORRECTIONAL MEDICAL SYSTEMS, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civ. No. 05-102-***

JURY TRIAL DEMANDED

**MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., FOR SUMMARY JUDGMENT**

Defendant, Correctional Medical Services, Inc., ("CMS"), incorrectly named Correctional Medical Systems, through its undersigned counsel, hereby respectfully moves this Honorable Court to enter the attached Order, granting summary judgment in its favor and against plaintiff and, in support thereof, avers as follows:

1. Plaintiff filed a Supplemental and Second Amended Complaint on September 19, 2005 adding CMS as one of multiple defendants. D.I. #19. On July 27, 2006, this Court granted plaintiff leave to amend his Complaint to add a medical needs claim that, while incarcerated within the Delaware Department of Correction, he contracted Methicillin Resistant Staphylococcus Aureus ("MRSA"). D.I. #69.

2.	Plaintiff was given until no later than August 28, 2006 to file another amended Complaint. D.I. #69.

3.	On August 21, 2006, Plaintiff mailed a Supplemental and Third Amended Complaint to the undersigned counsel. However, a review of the docket disclosed that the Supplemental and Third Amended Complaint had not been filed with the Court.

4.	On September 21, 2006, CMS filed a "preemptive" Motion to Dismiss Plaintiff's Supplemental and Third Amended Complaint. D.I. #76. Plaintiff filed a response to the Motion to Dismiss, but made no mention of the fact that the Supplemental and Third Amended Complaint was not docketed. D.I. #88.

5.	On November 16, 2006, plaintiff filed a first Motion seeking injunctive relief for medical treatment and diagnosis for the MRSA condition. D.I. #86. The Court denied the Motion noting that at no time had plaintiff pleaded a claim based upon the MRSA infection. D.I. #97. On December 13, 2006, the Court received plaintiff's reply to defendants' response to the motion for injunctive relief. D.I. #98. Included with the reply was a copy of Plaintiff's Supplemental and Third Amended Complaint. The Supplemental and Third Amended Complaint was deemed by the Court to have been filed as of December 13, 2006. D.I. #135.

6.	On June 5, 2007, CMS filed an Amended Motion to Dismiss Plaintiff's Supplemental and Third Amended Complaint. D.I. #151. CMS' Amended Motion to Dismiss Plaintiff's Supplemental and Third Amended Complaint is currently pending before this Court.

7.	Plaintiff filed a Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction on July 31, 2007. D.I. #162. He alleged that Dr. Frederick Vandusen and Ihuema Chucks ordered that he be given a stress test and provided the service of a cardiologist. Plaintiff claimed that those events had not occurred.

8. On August 30, 2007, CMS filed a Response to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction. D.I. #168. CMS also appended the Affidavit of Dr. Bruce McFall to its Response to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction on September 14, 2007. D.I. 174.

9. Defendant, CMS, asserts that there is no genuine issue of material fact and that summary judgment is warranted in its favor.

10. Summary judgment may be entered if "the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Equimark Comm. Finance Co. v. C.I.T. Financial Serv. Corp.*, 812 F.2d 141, 144 (3d Cir. 1987). If evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. *Anderson*, at 249; *Equimark*, 812 F.2d at 144. Where the record, taken as a whole, could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986).

11. Plaintiff's Supplemental and Third Amended Complaint is the same as the Supplemental, and Second Amended Complaint except that it adds to paragraph 45, consisting of five separate paragraphs, which describe the medical conditions which plaintiff alleges he suffered from and treatment he has received and which request that a dermatologist be appointed to determine the extent of plaintiff's medical condition.

12. With regard to the allegations set forth in Plaintiff's Supplemental and Third Amended Complaint, CMS adopts and incorporates by reference the Amended Motion of Defendant, CMS, to Dismiss Plaintiff's Supplemental and Third Amended Complaint, D.I. # 151, and the Motion of Defendant to Dismiss Plaintiff's Complaint which was filed on June 14, 2006 , both of which are currently pending before this Court.  D.I. #61.

13. Plaintiff cannot and has not, as a matter of law and fact, established a claim against CMS.  The evidence demonstrates that CMS has adequately observed and treated plaintiff with respect to the conditions of which he complains.  The medical records and Affidavit of Dr. Bruce McFall, appended as Exhibit "7" to the Response of Defendant, Correctional Medical Services, Inc., to Plaintiff's Motion For Temporary Restraining Order And Order To Show Cause For Preliminary Injunction, D.I. #174, indicate that plaintiff can and has received the appropriate and necessary medical care within the facility.  Further, plaintiff's own deposition testimony demonstrates that he cannot establish a claim against CMS.  Plaintiff testified that he was on a no salt/low sodium diet for his blood pressure and that he was currently receiving medical treatment.  See November 30, 2007 deposition of Shamsidin Ali at 36, 51, 95 attached hereto as Exhibit "A".  Specifically, he testified that he was taking medications for his blood pressure.  *Id*. at 79-81.  Moreover, in the Memorandum Order of March 30, 2007, D.I. 134, this Court noted that plaintiff had in fact received medical treatment for his skin condition and noted that plaintiff had not demonstrated a likelihood of success on the merits.  While plaintiff may dispute the type of treatment he received, he has not presented any evidence to establish a cognizable claim against CMS.

WHEREFORE, defendant, CMS, respectfully moves this Honorable Court to enter the attached Order, granting summary judgment in favor of defendant, CMS, and against plaintiff.

                            **MARSHALL, DENNEHEY, WARNER,**
                            **COLEMAN & GOGGIN**

BY:   */s/ Kevin J. Connors*
        KEVIN J. CONNORS, ESQ.
        DE Bar ID: 2135
        1220 North Market Street, 5th Fl.
        P.O. Box 8888
        Wilmington, DE 19899-8888
        Attorney for Defendant, Correctional
        Medical Services, Inc.

DATED: January 7, 2008
15/570245.v1