IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMSIDIN ALI, a/k/a Robert Saunders, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civ. No. 05-102-*** <br> ) |
| COMMISSIONER STANLEY TAYLOR, et al. | ) <br> ) <br> ) |
| Defendants. | ) |

**PLAINTIFFS' SUPPLEMENTAL ADDENDUM TO DEFENDANT, CORRECTIONAL MEDICAL SERVICES, MOTIONS TO DISMISS/SUMMARY JUDGMENT**

FILED JAN 14 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE

Plaintiff, Shamsidin Ali, a/k/a/ Robert Saunders, move for and order denying defendnat's motions to dismiss/summary judgment. In support thereof, averts as follows:

1. Defendants in November, 2006 filed motion to dismiss, which currently pending before this court. On January 7, 2008 filed second motion entitled motion for summary judgment, addressing same issues raised in motion to dismiss.

2. Summary Judgment standards. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law". A "material fact" is one that "might affect the outcome of the suit". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmovingarty.

While the moving party has the intital burden to identify

evidence that demonstrates the absence of genuine issue of material fact, once that burden has been met, which hasn't been in this case, the nonmoving party has made a sufficient showing to establish the existence of every element necessary to its case and on which it will bear the burden of proff at trial. See- Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Equimark Commerical fin.-Vo. v. C.I.T Fin. servs. corp., 812 F2d 141, 144 (3d Cir. 1987). Credibility determinatins are not the function of the judge; rather, "[t]he evidence of the non-moving is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

3. The supplemental and third amended complaint clearly shon between September 2005 and December 2005 employees of CMS clearly done nothing but provide varios creams, none prescribed by doctor to address plaintiff's medical condition. It wasn't until January 12, 2007 was biopsy conducted. Dr. Thomas Burke, Dermatologist, stated biopsy shouc been done when nodule/sores first appeared.

4. Plaintiff was permitted to suffer, with pain, oozing pus/ blood from September 2005 unitl January 6, 2006, when called to infirmary by Debbie Rodweller, Nurse-Medical Grievance Officer, for grievance hearing addressing medical condition. Prior hearing plaintiff showed Ms. Rodweller, the massive abscesses on bullocks and arms, had towel wrapped around buttocks to halt flow of blood and pus through pants. Immediately taken to Dr. Veloso who stated

how could "I" permitted condition go untreated so long. He immediatley ordered cultures and biopsy, again biopsy/cultures never done until January 12, 2007. Dr's Veloso and Burns both stated as far back as December 2005, plaintiff need seen by dermatologist. Plaintiff was required to suffer with pain and other discomforts until January 2007, when first seen by Dr. Thomas Burke, Dermatologist.

5. To cover-up the lack of treatment, defendants "CMS" when so far as to audit plaintiff's medical chart on 09/12/06.

6. The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care. Prison officials show deliberate indifference to serious medical needs if prisoner are unable to make their medical problems known to the medical staff or if the staff is not competent to examine the the prisoners, diagnose illnesses, and then treat or refer the patient. The plaintiff has shown that the actions of medical staff could not be supported by legitimate medical judgment. Some examples of actionalbe harm from inadequate medical care include:

   a. Serious denials or delay in access to medical personnel. Estell v. Gamble, 429 U.S. at 104.

   b. A denial of access to appropriately qualified health care personnel. LeMarbe v. Wisneski, 266 F.3d 429(6th Cir. 2001; Toussaint v. McCarthy, 801 F.2d 1080, 1112 (9th Cir. 1986)(rendering of medical services by unqualified personnel is deliberate indifference).

   c. A failure to inquire into facts necessary to make a professional judgment.

   d. A failure to carry out medical orders. Estelle v. Gamble, 429 U.S. at 105; Lawson v. Dallas County, 286 F.3d 257.

7. The records clearly show pattern of failure to keep out-ise specialist appointment, provide medications prescribed by specialist  Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment's prohibition against cruel and unusual punishment.  See Estell v. Gamble, 429 U.S. at 97, 104 (1976).  To state a laim for deliberate indifference, which clearly shown in this case, the prisoner must establish that prison officials were subjectively aware of a substantial risk of serious harm to the prisoner and failed to take reasonable measures to abate that risk.  Farmer v. Brennan, 511 U.S. 825,837 (1994).  Plaintiff still suffering with sores, scabs and constant pain in 2008 due to lack of treatment in 2005.

8. Deliberate indifference can occur when prison officials deny, delay or intentionally interfer with medical treatlemt or it may be shwon in the way in which prison officials provide medical care.  McGuckin v. smith, 974 F.2d 1050, 1060 (9th Cir. 1992).

9. The attached exhibits A thru K support plaintiffs position of clearly established deliberate indifference even todate.

January 11, 2007

                                        Shamsidin Ali, 052590
                                        a/k/a/ Robert Saunders
                                        1181 Paddock Road - DCC
                                        Smyrna, DE  19977

WHEREFORE, for the reason stated herein, the Defendants (CMS) Motion for Summary Judgement should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, copy of aforemention furnished, Kevin J. connors, Esquire, P.O. Box 8888, Wilmington, DE 19899-8888.

By U. s. Mail this 11th day of January 2008, with sufficient postage affixed thereto.

                                                SHAMSIDIN ALI, 052590
                                                a/k/a/ Robert Saunders

Shamsidis Ali
I/M: A/K/A Robert Saunders
SBI# 052590   UNIT S-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE
19801